FILED

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

TECSEC, INCORPORATED,

        Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION, SAS INSTITUTE, INC.,
SAP AMERICA, INC., SAP, AG, CISCO
SYSTEMS, INC., SUN MICROSYSTEMS,
INC., SYBASE, INC., SOFTWARE AG,
SOFTWARE AG, INC., ADOBE SYSTEMS
INCORPORATED, EBAY INC., PAYPAL,
INC., AND ORACLE CORPORATION,

        Defendants.

2010 FEB -5  A 9:46

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Case No.  1:10 CV 115

JURY TRIAL DEMANDED  CMH/TCB

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Richard L. Wyatt, Jr. (pro hac app. pending)
Michael A. O'Shea (pro hac app. pending)
Brian M. Buroker (VSB #39581)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Andrew G. DiNovo (pro hac app. pending)
Jay D. Ellwanger (pro hac app. pending)
**DINOVO PRICE ELLWANGER
& HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

**Attorneys for Plaintiff
TecSec, Incorporated**

ORIGINAL COMPLAINT

## ORIGINAL COMPLAINT

Plaintiff, TecSec, Incorporated ("TecSec"), hereby complains and alleges against Defendants International Business Machines Corporation ("IBM"), SAS Institute, Inc. ("SAS"), SAP America, Inc. ("SAP America"), SAP AG ("SAP"), Cisco Systems, Inc. ("Cisco"), SUN Microsystems, Inc. ("SUN"), Sybase, Inc. ("Sybase"), Software AG ("Software AG"), Software AG, Inc. ("Software AG, Inc."), Adobe Systems Incorporated ("Adobe"), eBay Inc. ("eBay"), PayPal, Inc. ("PayPal") and Oracle Corporation ("Oracle") (collectively, the "Defendants") as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 5,369,702, issued on November 29, 1994, for "Distributed Cryptographic Object Method" (the "'702 patent"), a true and correct copy of which is attached hereto as Exhibit 1; United States Patent No. 5,680,452, issued on October 21, 1997, for "Distributed Cryptographic Object Method" (the "'452 patent"), a true and correct copy of which is attached hereto as Exhibit 2; United States Patent No. 5,717,755, issued on February 10, 1998, for "Distributed Cryptographic Object Method" (the "'755 patent"), a true and correct copy of which is attached hereto as Exhibit 3; United States Patent No. 5,898,781, issued on April 27, 1999, for "Distributed Cryptographic Object Method" (the "'781 patent"), a true and correct copy of which is attached hereto as Exhibit 4;   United States Patent No. 6,694,433, issued on February 17, 2004, for "XML Encryption Scheme" (the "'433 patent"), a true and correct copy of which is attached hereto as Exhibit 5; United States Patent No.

ORIGINAL COMPLAINT

7,069,448, issued on June 27, 2006, for "Context Oriented Crypto Processing on a Parallel Processor Array" (the "'448 patent"), a true and correct copy of which is attached hereto as Exhibit 6; United States Patent No. 6,542,608 issued on April 1, 2003, for "Cryptographic Key Split Combiner" (the "'608 patent"), a true and correct copy of which is attached hereto as Exhibit 7; United States Patent No. 6,606,386 issued on August 12, 2003, for "Cryptographic Key Split Combiner" (the "'386 patent"), a true and correct copy of which is attached hereto as Exhibit 8; United States Patent No. 6,885,747, issued on April 26, 2005, for "Cryptographic Key Split Combiner" (the "'747 patent"), a true and correct copy of which is attached hereto as Exhibit 9; United States Patent No. 7,095,852 issued on August 22, 2006, for "Cryptographic Key Split Binder For Use With Tagged Data Elements" (the "'852 patent"), a true and correct copy of which is attached hereto as Exhibit 10; and United States Patent No. 7,212,632 issued on May 1, 2007, for "Cryptographic Key Split Combiner" (the "'632 patent"), a true and correct copy of which is attached hereto as Exhibit 11 (collectively, the "Patents-in-Suit").

2.    This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that operate using distributed cryptographic object method encryption, split key encryption, XML encryption and/or encryption with parallel processors.

## II.    THE PARTIES

3.    Plaintiff TecSec is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 1048 Dead Run Road, McLean, Virginia 22101, in the judicial district of the Eastern District of Virginia ("the Eastern District of Virginia").

3

ORIGINAL COMPLAINT

4.      Defendant IBM is a New York corporation with its principal place of business at New Orchard Road, Armonk, New York 10504. IBM conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, Virginia 23060. IBM makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

5.      Defendant SAS is a North Carolina corporation with its principal place of business at SAS Campus Drive, Cary, North Carolina 27513. SAS conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, Virginia 23060. SAS makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

6.      Defendant SAP America is a Delaware corporation with its principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073. SAP America conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, Virginia 23060. SAP makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

7.      Defendant SAP is a German corporation with its principal place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany. SAP AG is the parent company of co-defendant SAP America. SAP conducts business in the Commonwealth of Virginia. SAP

4

makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

8.      Defendant Cisco is a California corporation with its principal place of business at 170 W. Tasman Drive, Building 10, San Jose, California 95134. Cisco conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Cisco makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

9.      Defendant SUN is a Delaware corporation with its principal place of business at 4150 Network Circle, Santa Clara, California 95054.  SUN conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. SUN makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

10.      Defendant Sybase is a Delaware corporation with its principal place of business at 1 Sybase Drive, Dublin, California 94568. Sybase conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Sybase makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

11.      Defendant Software AG is a German corporation with its principal place of business at Uhlandstraße 12, 64297 Darmstadt, Germany. Software AG is the parent company of co-defendant Software AG, Inc.. Software AG conducts business in the Commonwealth of

5

Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Software AG makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

12.    Defendant Software AG, Inc. is a Delaware corporation with its principal place of business at 11700 Plaza America Drive, Suite 700, Reston, Virginia 20190. Software AG, Inc. conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Software AG, Inc. makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

13.    Defendant Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, California 95110. Adobe conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at Corporation Service Company, 11 S. 12th Street, Richmond, Virginia 23218. Adobe makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

14.    Defendant eBay is a Delaware corporation with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125. eBay conducts business in the Commonwealth of Virginia and can be served through its registered agent for service of process at National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. eBay makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

6

15.    Defendant PayPal is a Delaware corporation with its principal place of business at 2211 N. First Street, San Jose, California 95131.    PayPal conducts business in the Commonwealth of Virginia and has established an agent for service of process within the Commonwealth at National Registered Agents, Inc., 526 King St., Suite 423, Alexandria, Virginia 22314.  PayPal makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

16.    Defendant Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.    Oracle conducts business in the Commonwealth of Virginia and has established an agent for service of process at Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware  19808.   Oracle makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe one or more of the claims of one or more of the Patents-In-Suit.

## II.    JURISDICTION AND VENUE

17.    This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

18.    Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division.  In addition, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-in-Suit in this judicial district and division.

19.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

7

ORIGINAL COMPLAINT

## III.    FACTUAL ALLEGATIONS

### TecSec Company Background

20.     Plaintiff TecSec was founded in 1990 in Vienna, Virginia by Edward Scheidt and Jay Wack, former members of the United States intelligence community. Scheidt had recently retired from a 26-year career at the Central Intelligence Agency. Wack was finishing his work addressing the data integrity issues on the Space Shuttle sensor network.

21.     Just prior to his retirement from the CIA, Scheidt had been serving as the Chairman of a CIA Cryptographic Center. In writing about Scheidt, the Central Intelligence Agency noted that he "made a career of keeping the nation's secrets safe by utilizing codes."[1] The CIA went on to say that "[TecSec] focused on encryption designs that integrate traditional digital algorithms into dynamic encryption frameworks."[2] Upon retirement from the CIA, Scheidt was asked to participate in the creation of the world-famous "Kryptos" sculpture at the CIA's headquarters in Langley, Virginia. The CIA noted that "Scheidt gave the sculptor, James Sandborn, a crash course in cryptography and assisted in preparing its implementation in the sculptured text."[3] Scheidt has been awarded 23 US patents in the area of cryptography and security product design.

22.     Wack began his career in electronics via the US Army in 1967 through 1970, and served 18 months in Vietnam. Wack then spent the next 20 years as an application engineer for Intel Corporation and National Semiconductor Corporation. Wack has been involved in the successful custom design of Application Specific Integrated Circuits (ASICs) as well as many

---

[1] *See* https://www.cia.gov/news-information/featured-story-archive/2008-featured-story-archive/ed-scheidt.html, accessed February 1, 2010.

[2] *Id.*

[3] *Id.*

ORIGINAL COMPLAINT

embedded microcontroller based products and programs for government and commercial customers. Wack has been awarded over a dozen U.S. patents in the area of cryptography and security product design.

23.     TecSec has been a pioneer in developing encryption and security techniques, and has been awarded over 30 U.S. patents in the field of encryption. Its patents are among the most fundamental and often cited in the area. TecSec's sole office location is and always has been in the Eastern District of Virginia. At its peak, it employed approximately 85 people at its Northern Virginia headquarters. TecSec has designed, developed, sold and implemented a number of cryptography and security related products and services, and its customers have included Boeing, Rockwell, Lockheed Martin, Raytheon, and BAE Systems.

24.     TecSec was founded to develop data security systems that robustly, transparently and conveniently implement business environment requirements in large network contexts. Among other emerging areas of security, TecSec targeted its development efforts on sub-file encryption and object management, which it viewed to be key methods of protecting data. In that vein, TecSec pioneered systems and methods to encrypt and control access on an object level, in contrast to the then-prevalent focus on perimeter security such as firewalls.

25.     In addition, TecSec contributed other critical developments in data security, including contributions to XML encryption, parallel processing encryption and split key encryption.

26.     TecSec is the assignee and sole owner of all right, title and interest in and to the Patents-in-Suit.

27.     To the extent that any marking was required, TecSec complied with the patent marking provisions of 35 U.S.C. § 287(a).

ORIGINAL COMPLAINT

### TecSec Has Been Irreparably Harmed
### by Defendants' Continued Infringement

28. Plaintiff TecSec has been irreparably harmed by Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of systems and methods covered by the Patents-in-Suit has threatened the value of this intellectual property because Defendants' conduct results in TecSec's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

29. Defendants' disregard for TecSec's property rights similarly threatens TecSec's relationships with potential licensees of this intellectual property. Defendants will derive a competitive advantage over any of TecSec's future licensees by using TecSec's patented technology without paying compensation for such use. Accordingly, unless and until Defendants' acts of infringement are enjoined, TecSec will suffer irreparable harm for which there is no adequate remedy at law.

## IV.    CLAIMS

### COUNT ONE - INFRINGEMENT OF THE '702 PATENT

(Against All Defendants)

30. TecSec incorporates by reference its allegations in Paragraphs 1-29 as if fully restated in this paragraph.

31. Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '702 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

32. Defendant IBM has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. IBM's infringing products and services

ORIGINAL COMPLAINT

include, without limitation, DB2 Version 8, WebSphere DataPower XML Security Gateway XS40 Versions 2.5+, 3.x, WebSphere DataPower X150 Integration Appliance Version 3.1+, Informix Dynamic Server Versions 10.x and 11.x, WebSphere DataPower B2B Appliance XB60 Versions 3.7.3, 3.7.x and 3.8, Websphere Application Server Versions 5, 5.1, 6, 6.1, and 7, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform sub-file, object-based encryption. Defendant IBM has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant IBM has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

33.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

34.    Defendant SAS has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale

ORIGINAL COMPLAINT

and/or importing infringing products and services. SAS's infringing products and services include, without limitation, SAS Intelligence Platform Versions 9.1.X and 9.2, other SAS products which include or are bundled with the aforementioned products, and other SAS products that include the ability to perform sub-file, object-based encryption. Defendant SAS has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant SAS has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SAS has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SAS are not staples of commerce with substantial noninfringing uses.

35.    SAS's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SAS will continue these infringing acts unless enjoined by this Court.

36.    Defendant SAP and Defendant SAP America, its subsidiary, have been infringing and continue to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SAP and SAP America's infringing products and services include, without limitation, NetWeaver

ORIGINAL COMPLAINT

Versions 7.0 and 7.1, other SAP and SAP America products which include or are bundled with the aforementioned products, and other SAP and SAP America products that include the ability to perform sub-file, object-based encryption. Defendants SAP and SAP America have indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendants SAP and SAP America have induced infringement of the '702 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SAP and Defendant SAP America have contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Defendant SAP and Defendant SAP America are not staples of commerce with substantial noninfringing uses.

37.    SAP and SAP America's wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SAP and SAP America will continue these infringing acts unless enjoined by this Court.

38.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services

ORIGINAL COMPLAINT

include, without limitation, ACE XML Gateway Software Versions 5.1, 5.2, 6.0 and 6.1, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform sub-file, object-based encryption.  Defendant Cisco has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant Cisco has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner.  Defendant Cisco has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

39.   Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

40.   Defendant SUN has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  SUN's infringing products and services include, without limitation, Identity Manager Versions 7.0 and 8.0, Java Versions 1.4.2, 1.5.x,

14

and 1.6.x, Sun Java System Application Server Versions 8.x, 9.x, and Ent 2.x, Java System Directory Server Versions 5.x, 6.x and 7.x, MySQL Versions 3.23, 4.0, 4.1, 5.0, 5.1, 5.4, 5.5+, Solaris Cryptographic Framework Versions 9 and 10, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform sub-file, object-based encryption. Defendant SUN has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant SUN has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SUN has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

41.     SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

42.     Defendant Sybase has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale

and/or importing infringing products and services. Sybase's infringing products and services include, without limitation, Adaptive Service Enterprise (ASE) Relational Database Management System (RDMS) Versions 12.5.3A+ and 15.x, Advantage Database Server Versions 6.x, 7.x, 8.x and 9.x, SQL Anywhere (f/k/a Adaptive Server Anywhere) Versions 9.x, 10.x, and 11.x, Sybase IQ Versions 12.7, 15.0, 15.1, other Sybase products which include or are bundled with the aforementioned products, and other Sybase products that include the ability to perform sub-file, object-based encryption. Defendant Sybase has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant Sybase has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant Sybase has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Sybase are not staples of commerce with substantial noninfringing uses.

43.     Sybase's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Sybase will continue these infringing acts unless enjoined by this Court.

44.    Defendants Software AG and Software AG, Inc., its subsidiary, have been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.    Software AG and Software AG, Inc.'s infringing products and services include, without limitation, Adabas with Adabas Security and ADASCR Version 8.1.4 and 8.2.2, SecureSpan XML Firewall, Secure Span Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based encryption. Defendants Software AG and Software AG, Inc. have indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent.    Defendants Software AG and Software AG, Inc. have induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendants Software AG and Software AG, Inc. have contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Software AG and Software AG, Inc. are not staples of commerce with substantial noninfringing uses.

45.    Software AG and Software AG, Inc.'s wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from

ORIGINAL COMPLAINT

making, using, selling, offering to sell and importing the patented inventions. On information and belief, Software AG and Software AG, Inc. will continue these infringing acts unless enjoined by this Court.

46.     Defendant Adobe has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Adobe's infringing products and services include, without limitation, ColdFusion Version 7.x, 8.x, and 9.x, LiveCycle Rights Manager with Acrobat (f/k/a LiveCycle Policy Server) Versions 7.x, ES(8.x) and ES2 (9.x), LiveCycle Designer Versions 7.x, 8.x, and 9.x, other Adobe products which include or are bundled with the aforementioned products, and other Adobe products that include the ability to perform sub-file, object-based encryption. Defendant Adobe has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant Adobe has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant Adobe has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Adobe are not staples of commerce with substantial noninfringing uses.

18

47.    Adobe's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Adobe will continue these infringing acts unless enjoined by this Court.

48.    Defendant eBay and Defendant PayPal, its subsidiary, have been infringing and continue to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. eBay and PayPal's infringing products and services include, without limitation, PayPal's on-line payment system, other eBay and PayPal products which include or are bundled with the aforementioned products, and other eBay and PayPal products that include the ability to perform sub-file, object-based encryption. Defendants eBay and PayPal have indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendants eBay and PayPal have actively and knowingly induced infringement of the '702 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendants eBay and PayPal have contributed to the infringement of the '702 patent by actively and knowingly providing their customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by eBay and PayPal are not staples of commerce with substantial noninfringing uses.

ORIGINAL COMPLAINT

49.    eBay and PayPal's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, eBay and PayPal will continue these infringing acts unless enjoined by this Court.

50.    Defendant Oracle has been infringing and continues to infringe one or more of the claims of the '702 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Oracle's infringing products and services include, without limitation, Oracle Database 10g, Oracle Database 11g EE, Platform Security Service 11g, other Oracle products which include or are bundled with the aforementioned products, and other Oracle products that include the ability to perform sub-file, object-based encryption. Defendant Oracle has indirectly infringed the '702 patent by inducing the infringement of the '702 patent and contributing to the infringement of the '702 patent. Defendant Oracle has actively and knowingly induced infringement of the '702 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant Oracle has contributed to the infringement of the '702 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Oracle are not staples of commerce with substantial noninfringing uses.

ORIGINAL COMPLAINT

51.     Oracle's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Oracle will continue these infringing acts unless enjoined by this Court.

52.     TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT TWO - INFRINGEMENT OF THE '452 PATENT

### (Against All Defendants)

53.     TecSec incorporates by reference its allegations in Paragraphs 1-52 as if fully restated in this paragraph.

54.     Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '452 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

55.     Defendant IBM has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. IBM's infringing products and services include, without limitation, DB2 Version 8, WebSphere DataPower XML Security Gateway XS40 Versions 2.5+, 3.x, WebSphere DataPower X150 Integration Appliance Version 3.1+, Informix Dynamic Server Versions 10.x and 11.x, WebSphere DataPower B2B Appliance XB60 Versions 3.7.3, 3.7.x and 3.8, Websphere Application Server Versions 5, 5.1, 6, 6.1, and 7, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform sub-file, object-based encryption. Defendant IBM has indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendant IBM has actively and knowingly

21

ORIGINAL COMPLAINT

infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SAP and Defendant SAP America have contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Defendant SAP and Defendant SAP America are not staples of commerce with substantial noninfringing uses.

60.    SAP and SAP America's wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SAP and SAP America will continue these infringing acts unless enjoined by this Court.

61.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, ACE XML Gateway Software Versions 5.1, 5.2, 6.0 and 6.1, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform sub-file, object-based encryption. Defendant Cisco has indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendant Cisco has actively and knowingly induced infringement of the '452 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its

24

products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

62.      Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

63.      Defendant SUN has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Identity Manager Versions 7.0 and 8.0, Java Versions 1.4.2, 1.5.x, and 1.6.x, Sun Java System Application Server Versions 8.x, 9.x, and Ent 2.x, Java System Directory Server Versions 5.x, 6.x and 7.x, MySQL Versions 3.23, 4.0, 4.1, 5.0, 5.1, 5.4, 5.5+, Solaris Cryptographic Framework Versions 9 and 10, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform sub-file, object-based encryption. Defendant SUN has indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendant SUN has actively and knowingly induced infringement of the '452 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products

25

and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

64.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

65.    Defendant Sybase has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Sybase's infringing products and services include, without limitation, Adaptive Service Enterprise (ASE) Relational Database Management System (RDMS) Versions 12.5.3A+ and 15.x, Advantage Database Server Versions 6.x, 7.x, 8.x and 9.x, SQL Anywhere (f/k/a Adaptive Server Anywhere) Versions 9.x, 10.x, and 11.x, Sybase IQ Versions 12.7, 15.0, 15.1, other Sybase products which include or are bundled with the aforementioned products, and other Sybase products that include the ability to perform sub-file, object-based encryption. Defendant Sybase has indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendant Sybase has actively and knowingly induced infringement of the '452 patent by providing its customers and others with detailed explanations, instructions, information, and

26

support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Sybase has contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Sybase are not staples of commerce with substantial noninfringing uses.

66.     Sybase's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Sybase will continue these infringing acts unless enjoined by this Court.

67.     Defendants Software AG and Software AG, Inc., its subsidiary, have been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Software AG and Software AG, Inc.'s infringing products and services include, without limitation, Adabas with Adabas Security and ADASCR Version 8.1.4 and 8.2.2, SecureSpan XML Firewall, Secure Span Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based encryption.  Defendants Software AG and Software AG, Inc. have indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent.   Defendants Software AG and Software AG, Inc. have induced infringement of the

27

'452 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendants Software AG and Software AG, Inc. have contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Software AG and Software AG, Inc. are not staples of commerce with substantial noninfringing uses.

68.    Software AG and Software AG, Inc.'s wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Software AG and Software AG, Inc. will continue these infringing acts unless enjoined by this Court.

69.    Defendant Adobe has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Adobe's infringing products and services include, without limitation, Acrobat Versions 5, 6, 7, 8, and 9, ColdFusion Version 7, 8, and 9, LiveCycle Rights Manager (f/k/a LiveCycle Policy Server) Versions 7, 8 and 9, Mars, other Adobe products which include or are bundled with the aforementioned products, and other Adobe products that include the ability to perform sub-file, object-based encryption. Defendant Adobe has indirectly infringed the '452 patent by inducing the infringement of the '452 patent

ORIGINAL COMPLAINT

and contributing to the infringement of the '452 patent.  Defendant Adobe has actively and knowingly induced infringement of the '452 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Adobe has contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Adobe are not staples of commerce with substantial noninfringing uses.

70.   Adobe's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Adobe will continue these infringing acts unless enjoined by this Court.

71.   Defendants eBay and PayPal have been infringing and will continue to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.   eBay and PayPal's infringing products and services include, without limitation, PayPal's on-line payment system, other eBay and PayPal products which include or are bundled with the aforementioned products, and other eBay and PayPal products that include the ability to perform sub-file, object-based encryption.  Defendants eBay and PayPal have indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendants eBay and PayPal have actively and knowingly induced infringement of the '452

patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendants eBay and PayPal have contributed to the infringement of the '452 patent by actively and knowingly providing their customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by eBay and PayPal are not staples of commerce with substantial noninfringing uses.

72.     eBay and PayPals's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, eBay and PayPal will continue these infringing acts unless enjoined by this Court.

73.     Defendant Oracle has been infringing and continues to infringe one or more of the claims of the '452 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Oracle's infringing products and services include, without limitation, Oracle Database 10g, Oracle Database 11g EE, Platform Security Service 11g, other Oracle products which include or are bundled with the aforementioned products, and other Oracle products that include the ability to perform sub-file, object-based encryption. Defendant Oracle has indirectly infringed the '452 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '452 patent. Defendant Oracle has actively and knowingly induced infringement of the '452 patent by providing its customers and others with detailed explanations, instructions, information, and

ORIGINAL COMPLAINT

support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Oracle has contributed to the infringement of the '452 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Oracle are not staples of commerce with substantial noninfringing uses.

74.    Oracle's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Oracle will continue these infringing acts unless enjoined by this Court.

75.    TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT THREE - INFRINGEMENT OF THE '755 PATENT

(Against All Defendants)

76.    TecSec incorporates by reference its allegations in Paragraphs 1-74 as if fully restated in this paragraph.

77.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '755 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

78.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale

ORIGINAL COMPLAINT

and/or importing infringing products and services. IBM's infringing products and services include, without limitation, DB2 Version 8, WebSphere DataPower XML Security Gateway XS40 Versions 2.5+, 3.x, WebSphere DataPower X150 Integration Appliance Version 3.1+, Informix Dynamic Server Versions 10.x and 11.x, WebSphere DataPower B2B Appliance XB60 Versions 3.7.3, 3.7.x and 3.8, Websphere Application Server Versions 5, 5.1, 6, 6.1, and 7, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform sub-file, object-based encryption. Defendant IBM has indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendant IBM has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

79.   IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

ORIGINAL COMPLAINT

80.    Defendant SAS has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  SAS's infringing products and services include, without limitation, SAS Intelligence Platform Versions 9.1.X and 9.2, other SAS products which include or are bundled with the aforementioned products, and other SAS products that include the ability to perform sub-file, object-based encryption.  Defendant SAS has indirectly infringed the '755 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '755 patent.  Defendant SAS has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant SAS has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SAS are not staples of commerce with substantial noninfringing uses.

81.    SAS's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SAS will continue these infringing acts unless enjoined by this Court.

82.    Defendant SAP and Defendant SAP America, its subsidiary, have been infringing and continue to infringe one or more of the claims of the '755 patent through at least the acts of

33

making, using, selling, offering for sale and/or importing infringing products and services. Software AG and Software AG, Inc.'s infringing products and services include, without limitation, Adabas with Adabas Security and ADASCR Version 8, SecureSpan XML Firewall Version 4.3, Secure Span Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based encryption. SAP and SAP America's infringing products and services include, without limitation, NetWeaver Versions 7.0 and 7.1, other SAP and SAP America products which include or are bundled with the aforementioned products, and other SAP and SAP America products that include the ability to perform sub-file, object-based encryption. Defendants SAP and SAP America have indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendants SAP and SAP America have induced infringement of the '755 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SAP and Defendant SAP America have contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Defendant SAP and Defendant SAP America are not staples of commerce with substantial noninfringing uses.

34

ORIGINAL COMPLAINT

83.   SAP and SAP America's wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SAP and SAP America will continue these infringing acts unless enjoined by this Court.

84.   Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Cisco's infringing products and services include, without limitation, ACE XML Gateway Software Versions 5.1, 5.2, 6.0 and 6.1, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform sub-file, object-based encryption.  Defendant Cisco has indirectly infringed the '755 patent by inducing the infringement of the '452 patent and contributing to the infringement of the '755 patent.    Defendant Cisco has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Cisco has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

85.   Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

sell and importing the patented inventions.  On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

86.   Defendant SUN has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  SUN's infringing products and services include, without limitation, Identity Manager Versions 7.0 and 8.0, Java Versions 1.4.2, 1.5.x, and 1.6.x, Sun Java System Application Server Versions 8.x, 9.x, and Ent 2.x, Java System Directory Server Versions 5.x, 6.x and 7.x, MySQL Versions 3.23, 4.0, 4.1, 5.0, 5.1, 5.4, 5.5+, Solaris Cryptographic Framework Versions 9 and 10, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform sub-file, object-based encryption.  Defendant SUN has indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent.    Defendant SUN has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant SUN has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

87.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

88.    Defendant Sybase has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Sybase's infringing products and services include, without limitation, Adaptive Service Enterprise (ASE) Relational Database Management System (RDMS) Versions 12.5.3A+ and 15.x, Advantage Database Server Versions 6.x, 7.x, 8.x and 9.x, SQL Anywhere (f/k/a Adaptive Server Anywhere) Versions 9.x, 10.x, and 11.x, Sybase IQ Versions 12.7, 15.0, 15.1, other Sybase products which include or are bundled with the aforementioned products, and other Sybase products that include the ability to perform sub-file, object-based encryption.  Defendant Sybase has indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendant Sybase has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Sybase has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the

37

ORIGINAL COMPLAINT

products and services provided by Sybase are not staples of commerce with substantial noninfringing uses.

89.    Sybase's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Sybase will continue these infringing acts unless enjoined by this Court.

90.    Defendants Software AG and Software AG, Inc., its subsidiary, have been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Software AG and Software AG, Inc.'s infringing products and services include, without limitation, Adabas with Adabas Security and ADASCR Version 8.1.4 and 8.2.2, SecureSpan XML Firewall, Secure Span Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based encryption. Defendants Software AG and Software AG, Inc. have indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendants Software AG and Software AG, Inc. have induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendants Software AG and Software AG, Inc. have contributed

38

to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Software AG and Software AG, Inc. are not staples of commerce with substantial noninfringing uses.

91.    Software AG and Software AG, Inc.'s wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Software AG and Software AG, Inc. will continue these infringing acts unless enjoined by this Court.

92.    Defendant Adobe has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Adobe's infringing products and services include, without limitation, ColdFusion Version 7.x, 8.x, and 9.x, LiveCycle Rights Manager with Acrobat (f/k/a LiveCycle Policy Server) Versions 7.x, ES(8.x) and ES2 (9.x), LiveCycle Designer Versions 7.x, 8.x, and 9.x, other Adobe products which include or are bundled with the aforementioned products, and other Adobe products that include the ability to perform sub-file, object-based encryption.  Defendant Adobe has indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendant Adobe has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an

39

ORIGINAL COMPLAINT

infringing manner. Defendant Adobe has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Adobe are not staples of commerce with substantial noninfringing uses.

93.    Adobe's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Adobe will continue these infringing acts unless enjoined by this Court.

94.    Defendants eBay and PayPal have been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. eBay and PayPal's infringing products and services include, without limitation, PayPal's on-line payment system, other eBay and PayPal products which include or are bundled with the aforementioned products, and other eBay and PayPal products that include the ability to perform sub-file, object-based encryption. Defendants eBay and PayPal have indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendants eBay and PayPal have actively and knowingly induced infringement of the '755 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendants eBay and PayPal have contributed to

40

the infringement of the '755 patent by actively and knowingly providing their customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by eBay and PayPal are not staples of commerce with substantial noninfringing uses.

95.     eBay and PayPal's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, eBay and PayPal will continue these infringing acts unless enjoined by this Court.

96.     Defendant Oracle has been infringing and continues to infringe one or more of the claims of the '755 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Oracle's infringing products and services include, without limitation, Oracle Database 10g, Oracle Database 11g EE, Platform Security Service 11g, other Oracle products which include or are bundled with the aforementioned products, and other Oracle products that include the ability to perform sub-file, object-based encryption. Defendant Oracle has indirectly infringed the '755 patent by inducing the infringement of the '755 patent and contributing to the infringement of the '755 patent. Defendant Oracle has actively and knowingly induced infringement of the '755 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Oracle has contributed to the infringement of the '755 patent by actively and knowingly providing its customers and others with products and services that are

41

ORIGINAL COMPLAINT

used as a material element in the customers' or others' infringing products and services, and the products and services provided by Oracle are not staples of commerce with substantial noninfringing uses.

97.    Oracle's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Oracle will continue these infringing acts unless enjoined by this Court.

98.    TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT FOUR - INFRINGEMENT OF THE '781 PATENT

### (Against All Defendants)

99.    TecSec incorporates by reference its allegations in Paragraphs 1-98 as if fully restated in this paragraph.

100.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '781 Patent.  TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

101.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  IBM's infringing products and services include, without limitation, DB2 Version 8, WebSphere DataPower XML Security Gateway XS40 Versions 2.5+, 3.x, WebSphere DataPower X150 Integration Appliance Version 3.1+, Informix Dynamic Server Versions 10.x and 11.x, WebSphere DataPower B2B Appliance XB60 Versions 3.7.3, 3.7.x and 3.8, Websphere Application Server Versions 5, 5.1, 6, 6.1, and 7, other

ORIGINAL COMPLAINT

IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform sub-file, object-based encryption. Defendant IBM has actively and knowingly induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

102.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

103.    Defendant SAS has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SAS's infringing products and services include, without limitation, SAS Intelligence Platform Versions 9.1.X and 9.2, other SAS products which include or are bundled with the aforementioned products, and other SAS products that include the ability to perform sub-file, object-based encryption. Defendant SAS has indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendant SAS has actively and knowingly

43

ORIGINAL COMPLAINT

induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SAS has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SAS are not staples of commerce with substantial noninfringing uses.

104.    SAS's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SAS will continue these infringing acts unless enjoined by this Court.

105.    Defendant SAP and Defendant SAP America, its subsidiary, have been infringing and continue to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SAP and SAP America's infringing products and services include, without limitation, NetWeaver Versions 7.0 and 7.1, other SAP and SAP America products which include or are bundled with the aforementioned products, and other SAP and SAP America products that include the ability to perform sub-file, object-based encryption. Defendants SAP and SAP America have indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendants SAP and SAP America have induced infringement of the '781 patent by providing their customers and others with detailed explanations,

ORIGINAL COMPLAINT

instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SAP and Defendant SAP America have contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Defendant SAP and Defendant SAP America are not staples of commerce with substantial noninfringing uses.

106.    SAP and SAP America's wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SAP and SAP America will continue these infringing acts unless enjoined by this Court.

107.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, ACE XML Gateway Software Versions 5.1, 5.2, 6.0 and 6.1, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform sub-file, object-based encryption. Defendant Cisco has indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendant Cisco has actively and knowingly induced infringement of the '781 patent by providing its customers and others with detailed

45

explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

108.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

109.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Identity Manager Versions 7.0 and 8.0, Java Versions 1.4.2, 1.5.x, and 1.6.x, Sun Java System Application Server Versions 8.x, 9.x, and Ent 2.x, Java System Directory Server Versions 5.x, 6.x and 7.x, MySQL Versions 3.23, 4.0, 4.1, 5.0, 5.1, 5.4, 5.5+, Solaris Cryptographic Framework Versions 9 and 10, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform sub-file, object-based encryption. Defendant SUN has indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendant SUN has actively and knowingly induced infringement of the '781

46

patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

110.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

111.    Defendant Sybase has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Sybase's infringing products and services include, without limitation, Adaptive Service Enterprise (ASE) Relational Database Management System (RDMS) Versions 12.5.3A+ and 15.x, Advantage Database Server Versions 6.x, 7.x, 8.x and 9.x, SQL Anywhere (f/k/a Adaptive Server Anywhere) Versions 9.x, 10.x, and 11.x, Sybase IQ Versions 12.7, 15.0, 15.1, other Sybase products which include or are bundled with the aforementioned products, and other Sybase products that include the ability to perform sub-file, object-based encryption. Defendant Sybase has indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent.

ORIGINAL COMPLAINT

Defendant Sybase has actively and knowingly induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Sybase has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Sybase are not staples of commerce with substantial noninfringing uses.

112. Sybase's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Sybase will continue these infringing acts unless enjoined by this Court.

113. Defendants Software AG and Software AG, Inc., its subsidiary, have been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Software AG and Software AG, Inc.'s infringing products and services include, without limitation, Adabas with Adabas Security and ADASCR Version 8.1.4 and 8.2.2, SecureSpan XML Firewall, Secure Span Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based encryption. Defendants Software AG and Software AG, Inc. have indirectly infringed the '781

ORIGINAL COMPLAINT

patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendants Software AG and Software AG, Inc. have induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendants Software AG and Software AG, Inc. have contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Software AG and Software AG, Inc. are not staples of commerce with substantial noninfringing uses.

114.    Software AG and Software AG, Inc.'s wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Software AG and Software AG, Inc. will continue these infringing acts unless enjoined by this Court.

115.    Defendant Adobe has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Adobe's infringing products and services include, without limitation, ColdFusion Version 7.x, 8.x, and 9.x, LiveCycle Rights Manager with Acrobat (f/k/a LiveCycle Policy Server) Versions 7.x, ES(8.x) and ES2 (9.x), LiveCycle Designer Versions 7.x, 8.x, and 9.x, other Adobe products which include or are bundled with the

ORIGINAL COMPLAINT

aforementioned products, and other Adobe products that include the ability to perform sub-file, object-based encryption. Defendant Adobe has indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendant Adobe has actively and knowingly induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Adobe has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Adobe are not staples of commerce with substantial noninfringing uses.

116.    Adobe's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Adobe will continue these infringing acts unless enjoined by this Court.

117.    Defendants eBay and PayPal have been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. eBay and PayPal's infringing products and services include, without limitation, PayPal's on-line payment system, other eBay and PayPal products which include or are bundled with the aforementioned products, and other eBay and PayPal products that include the ability to perform sub-file, object-based

encryption. Defendants eBay and PayPal have indirectly infringed the '781 patent by inducing the infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendants eBay and PayPal have actively and knowingly induced infringement of the '781 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendants eBay and PayPal have contributed to the infringement of the '781 patent by actively and knowingly providing their customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by eBay and PayPal are not staples of commerce with substantial noninfringing uses.

118.    eBay and PayPals's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, eBay and PayPal will continue these infringing acts unless enjoined by this Court.

119.    Defendant Oracle has been infringing and continues to infringe one or more of the claims of the '781 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Oracle's infringing products and services include, without limitation, Oracle Database 10g, Oracle Database 11g EE, Platform Security Service 11g, other Oracle products which include or are bundled with the aforementioned products, and other Oracle products that include the ability to perform sub-file, object-based encryption. Defendant Oracle has indirectly infringed the '781 patent by inducing the

ORIGINAL COMPLAINT

infringement of the '781 patent and contributing to the infringement of the '781 patent. Defendant Oracle has actively and knowingly induced infringement of the '781 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Oracle has contributed to the infringement of the '781 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Oracle are not staples of commerce with substantial noninfringing uses.

120. Oracle's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Oracle will continue these infringing acts unless enjoined by this Court.

121. TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT FIVE - INFRINGEMENT OF THE '433 PATENT

(Against All Defendants Except Sybase)

122. TecSec incorporates by reference its allegations in Paragraphs 1-121 as if fully restated in this paragraph.

ORIGINAL COMPLAINT

123.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '433 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

124.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. IBM's infringing products and services include, without limitation, Websphere Application Server, WebSphere DataPower B2B Appliance XB60 Versions 3.7.3, 3.7.x and 3.8, WebSphere DataPower X150 Integration Appliance Version 3.1+, WebSphere DataPower XML Security Gateway XS40 Versions 3.1+, Websphere DataPower XML Security Gateway XS40 Versions 2.3+ and 3.x, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform sub-file, object-based XML encryption. Defendant IBM has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent. Defendant IBM has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

ORIGINAL COMPLAINT

125.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

126.    Defendant SAS has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  SAS's infringing products and services include, without limitation, Base SAS Versions 8.2, 9.0, 9.1, and 9.2, other SAS products which include or are bundled with the aforementioned products, and other SAS products that include the ability to perform sub-file, object-based XML encryption.  Defendant SAS has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent.  Defendant SAS has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant SAS has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SAS are not staples of commerce with substantial noninfringing uses.

127.    SAS's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

ORIGINAL COMPLAINT

sell and importing the patented inventions. On information and belief, SAS will continue these infringing acts unless enjoined by this Court.

128.    Defendant SAP and Defendant SAP America, its subsidiary, have been infringing and continue to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SAP and SAP America's infringing products and services include, without limitation, NetWeaver Versions 7.0 and 7.1, other SAP and SAP America products which include or are bundled with the aforementioned products, and other SAP and SAP America products that include the ability to perform sub-file, object-based XML encryption. Defendants SAP and SAP America have indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent. Defendants SAP and SAP America have induced infringement of the '433 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendant SAP and Defendant SAP America have contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Defendant SAP and Defendant SAP America are not staples of commerce with substantial noninfringing uses.

ORIGINAL COMPLAINT

129.    SAP and SAP America's wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SAP and SAP America will continue these infringing acts unless enjoined by this Court.

130.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Cisco's infringing products and services include, without limitation, ACE XML Gateway Software Versions 5.1, 5.2, 6.0 and 6.1, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform sub-file, object-based XML encryption.  Defendant Cisco has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent.  Defendant Cisco has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Cisco has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

131.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

56

sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

132.   Defendant SUN has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Java 1.6x, Java System Application Server with WSS Enterprise Edition 8, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform sub-file, object-based XML encryption. Defendant SUN has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent. Defendant SUN has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

133.   SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

ORIGINAL COMPLAINT

sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

134.   Defendants Software AG and Software AG, Inc., its subsidiary, have been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Software AG and Software AG, Inc.'s infringing products and services include, without limitation, SecureSpan XML Firewall, SecureSpan Gateway, other Software AG and Software AG, Inc.'s products which include or are bundled with the aforementioned products, and other Software AG and Software AG, Inc. products that include the ability to perform sub-file, object-based XML encryption. Defendants Software AG and Software AG, Inc. have indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent. Defendants Software AG and Software AG, Inc. have induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services how to use its products and services in an infringing manner, and upon information and belief an infringing manner. Defendants Software AG and Software AG, Inc. have contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Software AG and Software AG, Inc. are not staples of commerce with substantial noninfringing uses.

58

135.    Software AG and Software AG, Inc.'s wrongful conduct have caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Software AG and Software AG, Inc. will continue these infringing acts unless enjoined by this Court.

136.    Defendant Adobe has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Adobe's infringing products and services include, without limitation, Acrobat Versions 5, 6, 7, 8, and 9, LiveCycle Designer Version 8.x, other Adobe products which include or are bundled with the aforementioned products, and other Adobe products that include the ability to perform sub-file, object-based XML encryption. Defendant Adobe has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent.  Defendant Adobe has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Adobe has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Adobe are not staples of commerce with substantial noninfringing uses.

ORIGINAL COMPLAINT

137.    Adobe's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, Adobe will continue these infringing acts unless enjoined by this Court.

138.    Defendants eBay and PayPal have been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  eBay and PayPal's infringing products and services include, without limitation, Website Payments Pro Direct Payments API, other eBay and PayPal products which include or are bundled with the aforementioned products, and other eBay and PayPal products that include the ability to perform sub-file, object-based XML encryption.  Defendants eBay and PayPal have indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent.  Defendants eBay and PayPal have actively and knowingly induced infringement of the '433 patent by providing their customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of their products and services that promote and demonstrate how to use their products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendants eBay and PayPal have contributed to the infringement of the '433 patent by actively and knowingly providing their customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by eBay and PayPal are not staples of commerce with substantial noninfringing uses.

60

139.    eBay and PayPals's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, eBay and PayPal will continue these infringing acts unless enjoined by this Court.

140.    Defendant Oracle has been infringing and continues to infringe one or more of the claims of the '433 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Oracle's infringing products and services include, without limitation, Application Server 10g Release 3+, Oracle Database 11g Release 1, other Oracle products which include or are bundled with the aforementioned products, and other Oracle products that include the ability to perform sub-file, object-based XML encryption. Defendant Oracle has indirectly infringed the '433 patent by inducing the infringement of the '433 patent and contributing to the infringement of the '433 patent.  Defendant Oracle has actively and knowingly induced infringement of the '433 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Oracle has contributed to the infringement of the '433 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Oracle are not staples of commerce with substantial noninfringing uses.

141.    Oracle's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

ORIGINAL COMPLAINT

sell and importing the patented inventions. On information and belief, Oracle will continue these infringing acts unless enjoined by this Court.

142.    TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT SIX - INFRINGEMENT OF THE '448 PATENT

### (Against IBM, Cisco, and SUN)

143.    TecSec incorporates by reference its allegations in Paragraphs 1-142 as if fully restated in this paragraph.

144.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '448 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

145.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '448 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. IBM's infringing products and services include, without limitation, PCI Cryptographic Accelerator, Crypto Express, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform encryption utilizing parallel processing. Defendant IBM has indirectly infringed the '448 patent by inducing the infringement of the '448 patent and contributing to the infringement of the '448 patent. Defendant IBM has actively and knowingly induced infringement of the '448 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers

ORIGINAL COMPLAINT

and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '448 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

146.   IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

147.   Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '448 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, ASR1000 Series Routers, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to encryption utilizing parallel processing. Defendant Cisco has indirectly infringed the '448 patent by inducing the infringement of the '448 patent and contributing to the infringement of the '448 patent. Defendant Cisco has actively and knowingly induced infringement of the '448 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '448 patent by actively and knowingly providing its customers and others with products and

ORIGINAL COMPLAINT

services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

148.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

149.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '448 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, UltraSPARC T1/T2 Processor, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing parallel processing. Defendant SUN has indirectly infringed the '448 patent by inducing the infringement of the '448 patent and contributing to the infringement of the '448 patent. Defendant SUN has actively and knowingly induced infringement of the '448 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '448 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and

ORIGINAL COMPLAINT

services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

150.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

151.    TecSec is entitled to recover damages adequate to compensate for the infringement.

<u>**COUNT SEVEN - INFRINGEMENT OF THE '608 PATENT**</u>

(Against IBM, Cisco, and SUN)

152.    TecSec incorporates by reference its allegations in Paragraphs 1-151 as if fully restated in this paragraph.

153.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '608 Patent.  TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

154.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '608 patent through at least the acts of making, using, selling, offering for sale and/or importing its infringing products and services.  IBM's infringing products and services include, without limitation, Cryptographic Co-Processor PCI 4758, Cryptographic Co-Processor PCI-X 4764, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform encryption utilizing split keys.  Defendant IBM has indirectly infringed the '608 patent by inducing the infringement of the '608 patent and contributing to the infringement of the '608 patent.  Defendant IBM has

ORIGINAL COMPLAINT

actively and knowingly induced infringement of the '608 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '608 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

155.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

156.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '608 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Cisco's infringing products and services include, without limitation, Storage Media Encryption (SME) MDS 9000 18/4 and MDS 9222i, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform encryption utilizing split keys.   Defendant Cisco has indirectly infringed the '608 patent by inducing the infringement of the '608 patent and contributing to the infringement of the '608 patent.   Defendant Cisco has actively and knowingly induced infringement of the '608 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements,

66

applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '608 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

157.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

158.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '608 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Crypto Accelerator SCA 6000, Key Management Station ("KMS") Versions 1.x and 2.x, StorageTek 5800 System, StorageTek 7000 System, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing split keys. Defendant SUN has indirectly infringed the '608 patent by inducing the infringement of the '608 patent and contributing to the infringement of the '608 patent. Defendant SUN has actively and knowingly induced infringement of the '608 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an

ORIGINAL COMPLAINT

infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '608 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

159.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

**COUNT EIGHT - INFRINGEMENT OF THE '386 PATENT**

(Against IBM, Cisco, and SUN)

160.    TecSec is entitled to recover damages adequate to compensate for the infringement. TecSec incorporates by reference its allegations in Paragraphs 1-159 as if fully restated in this paragraph.

161.    Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '386 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

162.    Defendant IBM has been infringing and continues to infringe one or more of the claims of the '386 patent through at least the acts of making, using, selling, offering for sale and/or importing its infringing products and services. IBM's infringing products and services include, without limitation, Cryptographic Co-Processor PCI 4758, Cryptographic Co-Processor PCI-X 4764, Crypto Express, other IBM products which include or are bundled with the

68

aforementioned products, and other IBM products that include the ability to perform encryption utilizing split keys. Defendant IBM has indirectly infringed the '386 patent by inducing the infringement of the '386 patent and contributing to the infringement of the '386 patent. Defendant IBM has actively and knowingly induced infringement of the '386 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '386 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

163.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

164.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '386 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, Storage Media Encryption (SME) MDS 9000 18/4 and MDS 9222i, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform encryption utilizing split keys.    Defendant

Cisco has indirectly infringed the '386 patent by inducing the infringement of the '386 patent and contributing to the infringement of the '386 patent.   Defendant Cisco has actively and knowingly induced infringement of the '386 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.   Defendant Cisco has contributed to the infringement of the '386 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

165.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.   On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

166.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '386 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.   SUN's infringing products and services include, without limitation, Crypto Accelerator SCA 6000, Key Management Station Versions 1.x and 2.x, StorageTek 5800 System, StorageTek 7000 System, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing split keys. Defendant SUN has indirectly infringed the '386 patent by inducing the infringement of the '386 patent and contributing to the infringement

70

of the '386 patent.    Defendant SUN has actively and knowingly induced infringement of the '386 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.    Defendant SUN has contributed to the infringement of the '386 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

167.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.    On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

168.    TecSec is entitled to recover damages adequate to compensate for the infringement. TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT NINE - INFRINGEMENT OF THE '747 PATENT

### (Against IBM, Cisco, and SUN)

169.    TecSec incorporates by reference its allegations in Paragraphs 1-168 as if fully restated in this paragraph.

ORIGINAL COMPLAINT

170. Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '747 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

171. Defendant IBM has been infringing and continues to infringe one or more of the claims of the '747 patent through at least the acts of making, using, selling, offering for sale and/or importing its infringing products and services. IBM's infringing products and services include, without limitation, Cryptographic Co-Processor PCI 4758, Cryptographic Co-Processor PCI-X 4764, Crypto Express, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform encryption utilizing split keys. Defendant IBM has indirectly infringed the '747 patent by inducing the infringement of the '747 patent and contributing to the infringement of the '747 patent. Defendant IBM has actively and knowingly induced infringement of the '747 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '747 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

172. IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

ORIGINAL COMPLAINT

sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

173.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '747 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, Storage Media Encryption (SME) MDS 9000 18/4 and MDS 9222i, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform encryption utilizing split keys. Defendant Cisco has indirectly infringed the '747 patent by inducing the infringement of the '747 patent and contributing to the infringement of the '747 patent. Defendant Cisco has actively and knowingly induced infringement of the '747 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '747 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

174.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

73

ORIGINAL COMPLAINT

175.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '747 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Crypto Accelerator SCA 6000, Key Management Station Versions 1.x and 2.x, StorageTek 5800 System, StorageTek 7000 System, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing split keys. Defendant SUN has indirectly infringed the '747 patent by inducing the infringement of the '747 patent and contributing to the infringement of the '747 patent. Defendant SUN has actively and knowingly induced infringement of the '747 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '747 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

176.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

ORIGINAL COMPLAINT

177.   TecSec is entitled to recover damages adequate to compensate for the infringement.

## COUNT TEN - INFRINGEMENT OF THE '852 PATENT

(Against IBM, Cisco, and SUN)

178.   TecSec incorporates by reference its allegations in Paragraphs 1-177 as if fully restated in this paragraph.

179.   Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '852 Patent. TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

180.   Defendant IBM has been infringing and continues to infringe one or more of the claims of the '852 patent through at least the acts of making, using, selling, offering for sale and/or importing its infringing products and services. IBM's infringing products and services include, without limitation, Cryptographic Co-Processor PCI 4758, Cryptographic Co-Processor PCI-X 4764, Crypto Express, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform encryption utilizing split keys. Defendant IBM has indirectly infringed the '852 patent by inducing the infringement of the '852 patent and contributing to the infringement of the '852 patent. Defendant IBM has actively and knowingly induced infringement of the '852 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '852 patent by

75

actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

181.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

182.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '852 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services.  Cisco's infringing products and services include, without limitation, Storage Media Encryption (SME) MDS 9000 18/4 and MDS 9222i, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform encryption utilizing split keys.  Defendant Cisco has indirectly infringed the '852 patent by inducing the infringement of the '852 patent and contributing to the infringement of the '852 patent.  Defendant Cisco has actively and knowingly induced infringement of the '852 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner.  Defendant Cisco has contributed to the infringement of the '852 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the

76

customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

183.    Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

184.    Defendant SUN has been infringing and continues to infringe one or more of the claims of the '852 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Crypto Accelerator SCA 6000, Key Management Station Versions 1.x and 2.x, StorageTek 5800 System, StorageTek 7000 System, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing split keys. Defendant SUN has indirectly infringed the '852 patent by inducing the infringement of the '852 patent and contributing to the infringement of the '852 patent. Defendant SUN has actively and knowingly induced infringement of the '852 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '852 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and

ORIGINAL COMPLAINT

services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

185.   SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.  On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

186.   TecSec is entitled to recover damages adequate to compensate for the infringement.

**COUNT ELEVEN - INFRINGEMENT OF THE '632 PATENT**

(Against IBM, Cisco, and SUN)

187.   TecSec incorporates by reference its allegations in Paragraphs 1-186 as if fully restated in this paragraph.

188.   Plaintiff TecSec is the assignee of and the owner of all right, title and interest to the '632 Patent.  TecSec has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

189.   Defendant IBM has been infringing and continues to infringe one or more of the claims of the '632 patent through at least the acts of making, using, selling, offering for sale and/or importing its infringing products and services.  IBM's infringing products and services include, without limitation, Cryptographic Co-Processor PCI 4758, Cryptographic Co-Processor PCI-X 4764, Crypto Express, other IBM products which include or are bundled with the aforementioned products, and other IBM products that include the ability to perform encryption utilizing split keys.   Defendant IBM has indirectly infringed the '632 patent by inducing the infringement of the '632 patent and contributing to the infringement of the '632 patent.

ORIGINAL COMPLAINT

Defendant IBM has actively and knowingly induced infringement of the '632 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant IBM has contributed to the infringement of the '632 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by IBM are not staples of commerce with substantial noninfringing uses.

190.    IBM's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, IBM will continue these infringing acts unless enjoined by this Court.

191.    Defendant Cisco has been infringing and continues to infringe one or more of the claims of the '632 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. Cisco's infringing products and services include, without limitation, Storage Media Encryption (SME) MDS 9000 18/4 and MDS 9222i, other Cisco products which include or are bundled with the aforementioned products, and other Cisco products that include the ability to perform encryption utilizing split keys. Defendant Cisco has indirectly infringed the '632 patent by inducing the infringement of the '632 patent and contributing to the infringement of the '632 patent. Defendant Cisco has actively and knowingly induced infringement of the '632 patent by providing its customers and others with

ORIGINAL COMPLAINT

detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant Cisco has contributed to the infringement of the '632 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by Cisco are not staples of commerce with substantial noninfringing uses.

192. Cisco's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, Cisco will continue these infringing acts unless enjoined by this Court.

193. Defendant SUN has been infringing and continues to infringe one or more of the claims of the '632 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products and services. SUN's infringing products and services include, without limitation, Crypto Accelerator SCA 6000, Key Management Station Versions 1.x and 2.x, StorageTek 5800 System, StorageTek 7000 System, other SUN products which include or are bundled with the aforementioned products, and other SUN products that include the ability to perform encryption utilizing split keys. Defendant SUN has indirectly infringed the '632 patent by inducing the infringement of the '632 patent and contributing to the infringement of the '632 patent. Defendant SUN has actively and knowingly induced infringement of the '632 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products

80

and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. Defendant SUN has contributed to the infringement of the '632 patent by actively and knowingly providing its customers and others with products and services that are used as a material element in the customers' or others' infringing products and services, and the products and services provided by SUN are not staples of commerce with substantial noninfringing uses.

194.    SUN's wrongful conduct has caused TecSec to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, SUN will continue these infringing acts unless enjoined by this Court.

195.    TecSec is entitled to recover damages adequate to compensate for the infringement.

## V.    WILLFULNESS

196.    Plaintiff TecSec alleges upon information and belief that, as of the date of the filing of this Complaint, Defendants have knowingly or with reckless disregard willfully infringed the Patents-in-Suit. Each Defendant acted despite an objectively high likelihood that their actions constituted infringement of TecSec's valid patent rights.

197.    This objectively-defined risk was either known or so obvious that it should have been known to each Defendant. TecSec further alleges that the Defendants will continue to willfully infringe the Patents-in-Suit subsequent to the filing of this Complaint unless enjoined by this Court. TecSec seeks enhanced damages pursuant to 35 U.S.C. § 284.

ORIGINAL COMPLAINT

## VI.   JURY DEMAND

Plaintiff TecSec demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff TecSec prays for judgment against each of the Defendants, granting TecSec the following relief:

A.      That this Court adjudge and decree that the Defendants have infringed the Patents-in-Suit as alleged above;

B.      That this Court enter judgment that Defendants knowingly and willfully engaged in such infringement;

C.      That this Court permanently enjoin Defendants, their affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit;

D.      That this Court order an accounting to determine the damages to be awarded to TecSec as a result of Defendants' infringement;

E.      That this Court order an award to TecSec of such damages as it shall prove at trial against Defendants that are adequate to compensate TecSec for Defendants' infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.      That this Court order an award to TecSec of enhanced damages of up to three times the amount of compensatory damages because of Defendants' willful infringement;

G.      That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

ORIGINAL COMPLAINT

H.    That this Court render a finding that this case is "exceptional" and award to TecSec its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

I.    That this Court grant such other and further relief as the Court may deem proper and just.

Dated: February 5, 2010                    Respectfully submitted,


                                           TECSEC, INCORPORATED


                        By:    _Bh Burde_____

                                           Richard L. Wyatt, Jr. (pro hac app. pending)
                                           Michael A. O'Shea (pro hac app. pending)
                                           Brian M. Buroker (VSB #39581)
                                           **HUNTON & WILLIAMS LLP**
                                           1900 K Street, N.W.
                                           Washington, D.C. 20006-1109
                                           Telephone:  (202) 955-1500
                                           Facsimile:   (202) 778-2201

                                           Andrew G. DiNovo (pro hac app. pending)
                                           Jay D. Ellwanger (pro hac app. pending)
                                           **DINOVO PRICE ELLWANGER**
                                           **& HARDY LLP**
                                           7000 N. MoPac Expressway, Suite 350
                                           Austin, Texas 78731
                                           Telephone:  (512) 539-2626
                                           Facsimile:   (512) 539-2627

                                           **Attorneys for Plaintiff**
                                           **TecSec, Incorporated**

ORIGINAL COMPLAINT