IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TECSEC, INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-00115-CMH-TCB |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, SAS INSTITUTE, INC., ) | |
| SAP AMERICA, INC., SAP AG, SUN ) | |
| MICROSYSTEMS, INC., SYBASE, INC., ) | |
| SOFTWARE AG, SOFTWARE AG, INC., ) | **JURY TRIAL DEMANDED** |
| ADOBE SYSTEMS INCORPORATED, ) | |
| EBAY, INC., PAYPAL, INC., AND ) | |
| ORACLE CORPORATION ) | |
| ) | |
| Defendants. ) | |

**SAP AG AND SAP AMERICA, INC.'S ANSWER AND COUNTERCLAIMS**

Defendants SAP America, Inc. ("SAP America") and SAP AG (collectively, "SAP") answer the allegations set forth in Plaintiff TecSec, Inc.'s ("TecSec") complaint as follows:

## I.   NATURE OF THE ACTION

1.  SAP admits this is an action for patent infringement. SAP admits that U.S. Patent No. 5,369,702 (the "'702 patent") is entitled "Distributed Cryptographic Object Method," and that it appears to have issued on November 29, 1994. SAP further admits that Exhibit 1 to the Complaint purports to be a copy of the '702 patent. SAP admits that U.S. Patent No. 5,680,452 (the "'452 patent") is entitled "Distributed Cryptographic Object Method," and that it appears to have issued on October 21, 1997. SAP further admits that Exhibit 2 to the Complaint purports to be a copy of the '452 patent. SAP admits that U.S. Patent No. 5,717,755 (the "'755 patent") is entitled "Distributed Cryptographic Object Method," and that it appears to have issued on February 10, 1998. SAP further admits that Exhibit 3 to the Complaint purports to be a copy of

1

the '755 patent. SAP admits that U.S. Patent No. 5,898,781 (the "'781 patent") is entitled "Distributed Cryptographic Object Method," and that it appears to have issued on April 27, 1999. SAP further admits that Exhibit 4 to the Complaint purports to be a copy of the '781 patent. SAP admits that U.S. Patent No. 6,694,433 (the "'433 patent") is entitled "XML Encryption Scheme," and that it appears to have issued on February 17, 2004. SAP further admits that Exhibit 5 to the Complaint purports to be a copy of the '433 patent. SAP admits that U.S. Patent No. 7,069,448 (the "'448 patent") is entitled "Context Oriented Crypto Processing on a Parallel Processor Array," and that it appears to have issued on June 27, 2006. SAP further admits that Exhibit 6 to the Complaint purports to be a copy of the '448 patent. SAP admits that U.S. Patent No. 6,542,608 (the "'608 patent") is entitled "Cryptographic Key Split Combiner," and that it appears to have issued on April 1, 2003. SAP further admits that Exhibit 7 to the Complaint purports to be a copy of the '608 patent. SAP admits that U.S. Patent No. 6,606,386 (the "'386 patent") is entitled "Cryptographic Key Split Combiner," and that it appears to have issued on August 12, 2003. SAP further admits that Exhibit 8 to the Complaint purports to be a copy of the '386 patent. SAP admits that U.S. Patent No. 6,885,747 (the "'747 patent") is entitled "Cryptographic Key Split Combiner," and that it appears to have issued on April 26, 2005. SAP further admits that Exhibit 9 to the Complaint purports to be a copy of the '747 patent. SAP admits that U.S. Patent No. 7,095,852 (the "'852 patent") is entitled "Cryptographic Key Split Binder For Use With Tagged Data Elements," and that it appears to have issued on August 22, 2006. SAP further admits that Exhibit 10 to the Complaint purports to be a copy of the '852 patent. SAP admits that U.S. Patent No. 7,212,632 (the "'632 patent") is entitled "Cryptographic Key Split Combiner," and that it appears to have issued on May 1, 2007. SAP further admits that Exhibit 11 to the Complaint purports to be a copy of the '632 patent. SAP

lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and denies them on this basis.

2. SAP denies the allegations in paragraph 2 as they relate to SAP. SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and denies them on this basis.

## II. THE PARTIES

3. SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 and denies them on this basis.

4-5. The allegations of paragraphs 4-5 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

6. SAP admits that SAP America is a Delaware corporation and that its principal place of business is 3999 West Chester Pike, Newtown Square, Pennsylvania 19073, but denies the remaining allegations of paragraph 6.

7. SAP admits that SAP AG is a German corporation, that its principal place of business is Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany, and that it is the parent company of SAP America, but denies the remaining allegations of paragraph 7.

8-16. The allegations of paragraphs 8-16 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## II. [sic]   JURISDICTION AND VENUE

17.   SAP admits this Court has exclusive jurisdiction over the subject matter of this suit.

18.   SAP admits that it is subject to personal jurisdiction in the Commonwealth of Virginia, but denies the remaining allegations of paragraph 18.

19.   SAP admits that venue is proper in this jurisdiction for SAP, but denies the remaining allegations of paragraph 19.

## III. [sic]   FACTUAL ALLEGATIONS

20.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 and denies them on this basis.

21.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 and denies them on this basis.

22.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 and denies them on this basis.

23.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 and denies them on this basis.

24.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 and denies them on this basis.

25.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 and denies them on this basis.

26.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 and denies them on this basis.

27.     SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and denies them on this basis.

### TECSEC HAS BEEN IRREPARABLY HARMED BY DEFENDANTS' CONTINUED INFRINGEMENT

28.     SAP denies the allegations set forth in paragraph 28 as they relate to SAP.  To the extent that the allegations of paragraph 28 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

29.     SAP denies the allegations set forth in paragraph 29 as they relate to SAP.  To the extent that the allegations of paragraph 29 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

### IV.   [sic]   CLAIMS

### COUNT ONE – INFRINGEMENT OF THE '702 PATENT

30.     SAP incorporates by reference its answers to paragraphs 1-29 above.

31.     SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 and denies them on this basis.

32-35.  The allegations of paragraphs 32-35 do not pertain to SAP.  SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

36.     Denied.

37.     Denied.

38-51.   The allegations of paragraphs 38-51 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

52.   SAP denies the allegations set forth in paragraph 52 as they relate to SAP. To the extent that the allegations of paragraph 52 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT TWO – INFRINGEMENT OF THE '452 PATENT

53.   SAP incorporates by reference its answers to paragraphs 1-52 above.

54.   SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54 and denies them on this basis.

55-58.   The allegations of paragraphs 55-58 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

59.   Denied.

60.   Denied.

61-74.   The allegations of paragraphs 61-74 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

75.   SAP denies the allegations set forth in paragraph 75 as they relate to SAP. To the extent that the allegations of paragraph 75 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT THREE – INFRINGEMENT OF THE '755 PATENT

76.     SAP incorporates by reference its answers to paragraphs 1-75 above.

77.     SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 77 and denies them on this basis.

78-81.  The allegations of paragraphs 77-81 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

82.     Denied.

83.     Denied.

84-97.  The allegations of paragraphs 84-97 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

98.     SAP denies the allegations set forth in paragraph 98 as they relate to SAP. To the extent that the allegations of paragraph 98 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT FOUR – INFRINGEMENT OF THE '781 PATENT

99.     SAP incorporates by reference its answers to paragraphs 1-98 above.

100.    SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 100 and denies them on this basis.

101-104.    The allegations of paragraphs 101-104 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

105.    Denied.

106.    Denied.

107-120.    The allegations of paragraphs 107-120 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

121.    SAP denies the allegations set forth in paragraph 121 as they relate to SAP. To the extent that the allegations of paragraph 121 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT FIVE – INFRINGEMENT OF THE '433 PATENT

122.    SAP incorporates by reference its answers to paragraphs 1-121 above.

123.    SAP lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 123 and denies them on this basis.

124-127.    The allegations of paragraphs 124-127 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

128.    Denied.

129.    Denied.

130-141.    The allegations of paragraphs 130-141 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

142.    SAP denies the allegations set forth in paragraph 142 as they relate to SAP. To the extent that the allegations of paragraph 142 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT SIX – INFRINGEMENT OF THE ′448 PATENT

143.    SAP incorporates by reference its answers to paragraphs 1-142 above.

144-151.    The allegations of paragraphs 144-151 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT SEVEN – INFRINGEMENT OF THE ′608 PATENT

152.    SAP incorporates by reference its answers to paragraphs 1-151 above.

153-159.    The allegations of paragraphs 153-159 do not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

## COUNT EIGHT – INFRINGEMENT OF THE ′386 PATENT

160.    SAP incorporates by reference its answers to paragraphs 1-159 above. The remaining allegation of paragraph 160 does not pertain to SAP. SAP lacks knowledge or information sufficient to form a belief as to the truth of that allegation and denies it on this basis.

161-168.    The allegations of paragraphs 161-168 do not pertain to SAP.  SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

### COUNT NINE – INFRINGEMENT OF THE ′747 PATENT

169.    SAP incorporates by reference its answers to paragraphs 1-168 above.

170-177.    The allegations of paragraphs 170-177 do not pertain to SAP.  SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

### COUNT TEN – INFRINGEMENT OF THE ′852 PATENT

178.    SAP incorporates by reference its answers to paragraphs 1-177 above.

179-186.    The allegations of paragraphs 179-186 do not pertain to SAP.  SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

### COUNT ELEVEN – INFRINGEMENT OF THE ′632 PATENT

187.    SAP incorporates by reference its answers to paragraphs 1-186 above.

188-195.    The allegations of paragraphs 188-195 do not pertain to SAP.  SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

### V.   [sic]   WILLFULNESS

196.    SAP admits it had knowledge of the ′702, ′452, ′755, ′781 and ′433 patents upon receiving the Complaint.  SAP denies the remaining allegations of paragraph 196 as they relate to SAP.  To the extent that the allegations of paragraph 196 do not pertain to SAP, SAP lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

197.  SAP denies the allegations of paragraph 197 as they relate to SAP.  To the extent that the allegations of paragraph 197 do not pertain to SAP, SAP lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies them on this basis.

**AFFIRMATIVE DEFENSES**

SAP asserts the following defenses to TecSec's Complaint.  Assertion of a defense is not a concession that SAP has the burden of proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE — NON-INFRINGEMENT**

198.  SAP is not infringing any valid and enforceable claim of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent or the ′433 patent either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE — INVALIDITY**

199.  Each of the claims of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent is invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

200.  The ′781 and ′433 patents are further invalid under the judicial doctrine of obviousness-type double patenting.

**THIRD AFFIRMATIVE DEFENSE — PROSECUTION HISTORY ESTOPPEL**

201.  TecSec's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE — LIMITATION ON DAMAGES

202. TecSec's right to seek damages is limited, including, without limitation, by 35 U.S.C. §§ 286 and 287.

### FIFTH AFFIRMATIVE DEFENSE — USE BY UNITED STATES GOVERNMENT

203. To the extent that the alleged invention has been used or manufactured by or for the United States, TecSec's claims for relief and alleged damages are barred by 28 U.S.C. § 1498(a).

### SIXTH AFFIRMATIVE DEFENSE — UNENFORCEABILITY

204. TecSec's enforcement of one or more of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent is barred, in whole or in part, by one or more of the equitable doctrines of laches, equitable estoppel, waiver and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE — NO IRREPARABLE HARM

205. TecSec is not entitled to any form of injunction because TecSec has not suffered and will not suffer irreparable harm because of SAP's conduct, and has an adequate remedy at law.

### OTHER AFFIRMATIVE DEFENSES

206. SAP hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## COUNTERCLAIMS

SAP asserts the following counterclaims against TecSec:

## PARTIES

1. SAP America is a corporation organized and existing under the laws of Delaware, with a principal place of business is 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

2. SAP AG is a corporation organized and existing under the laws of Germany, with a principal place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany.

3. As pled in the Complaint, TecSec is a Virginia corporation having its principal place of business at 1048 Dead Run Road, McLean, Virginia 22101.

## JURISDICTION AND VENUE

4. This counterclaim arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02, and under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*

5. By its counterclaims, SAP seeks to obtain a judgment declaring that SAP does not and has not infringed the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent and that the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent are invalid and unenforceable.

6. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338(a) and 2201.

7. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

8. By filing its Complaint, TecSec consented to the personal jurisdiction of this Court.

## COUNT I: DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE PATENTS-IN-SUIT ASSERTED AGAINST SAP

9. SAP repeats and realleges the allegations in paragraphs 1-8 above as if fully set forth at length herein.

10. TecSec has contended, and now contends, that it owns the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent and that the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patents are valid and enforceable.

11. TecSec has asserted the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent against SAP, and asserts that SAP infringes those patents. TecSec further asserts that such alleged infringement by SAP is willful.

12. SAP, on the other hand, contends that it has not infringed and is not directly or indirectly infringing any claim of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent or the ′433 patent, either literally or under the doctrine of equivalents. Further, SAP contends that it has not willfully infringed any such patent, and that it is not liable for damages arising from the claimed infringement.

13. SAP seeks a judicial determination and declaration of the respective rights and duties of the parties based on SAP's contentions as set forth in paragraph 12, immediately above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent.

### COUNT II: DECLARATORY JUDGMENT – INVALIDITY OF THE PATENTS-IN-SUIT ASSERTED AGAINST SAP

14. SAP repeats and realleges the allegations in paragraphs 1-13 above as if fully set forth at length herein.

15. SAP contends that the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Laws, Title 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules regulations, and laws pertaining thereto.

16. SAP contends the ′781 and ′433 patents are invalid under the judicial doctrine of obviousness-type double patenting.

17. SAP seeks a judicial determination and declaration of the respective rights and duties of the parties based on SAP's contentions as set forth in paragraphs 13 and 14, immediately above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent.

### COUNT III: DECLARATORY JUDGMENT – UNENFORCEABILITY OF THE PATENTS-IN-SUIT ASSERTED AGAINST SAP

18. SAP repeats and realleges the allegations in paragraphs 1-17 above as if fully set forth at length herein.

19. SAP contends that one or more of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent are unenforceable under or one or more of the equitable doctrines of laches, equitable estoppel, judicial estoppel, waiver and unclean hands.

20. SAP seeks a judicial determination and declaration of the respective rights and duties of the parties based on SAP's contentions as set forth in paragraph 19, immediately above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the enforceability of the claims of the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent.

### RELIEF REQUESTED

WHEREFORE, SAP respectfully requests this Court to:

(a) Enter judgment against TecSec and in favor of SAP, and dismiss TecSec's Complaint with prejudice;

(b) Enter judgment declaring the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent not infringed;

(c) Enter judgment declaring the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent invalid;

(d) Enter judgment declaring the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent unenforceable;

(e) Enjoin and restrain TecSec, its officers, agents, employees and all persons acting in privity or concert with them from harassing SAP or anyone in privity with SAP with infringement actions or with threats of infringement actions on the ′702 patent, the ′452 patent, the ′755 patent, the ′781 patent and the ′433 patent;

(f) Find, pursuant to 35 U.S.C. § 285 that this is an "exceptional" case and award SAP its reasonable attorneys′ fees, expenses and costs; and

(g) Award SAP such other and further relief as this Court may deem just and appropriate.

## **JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), SAP demands a trial by jury on all counts of the Complaint and the Answer and Counterclaims so triable.

|  |  |
|---|---|
| OF COUNSEL: | DICKSTEIN SHAPIRO LLP |
|  | */s/* Jeffrey K. Sherwood _____ |
| Frank C. Cimino, Jr. |  |
| Megan S. Woodworth | Jeffrey K. Sherwood (VA Bar # 19222) |
| Matthew B. Weinstein | DICKSTEIN SHAPIRO LLP |
| DICKSTEIN SHAPIRO LLP | 1825 Eye Street NW |
| 1825 Eye Street NW | Washington, DC 20006-5403 |
| Washington, DC 20006-5403 | Telephone: (202) 420-2200 |
| Telephone: (202) 420-2200 | sherwoodj@dicksteinshapiro.com |
| Dated: March 26, 2010 | *Attorneys for SAP* |

16

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I caused the foregoing **SAP AG AND SAP AMERICA, INC.'S ANSWER AND COUNTERCLAIMS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| **Counsel for Plaintiff TecSec, Inc.** ||
|---|---|
| Brian Mark Buroker<br>HUNTON & WILLIAMS<br>1900 K St NW<br>Washington, DC 20006<br>Tel: (202) 955-1500<br>Email: bburoker@hunton.com | Thomas J. Cawley<br>HUNTON & WILLIAMS<br>1751 Pinnacle Drive<br>McLean, VA 22102<br>Tel: (703) 714-7400<br>Email: tcawley@hunton.com |

| **Counsel for Defendant Cisco Systems, Inc.** ||
|---|---|
| Amr O. Aly<br>Kilpatrick Stockton LLP<br>31 West 52nd Street, 14th Floor<br>New York, NY 10019<br>Tel: (212) 775 8765<br>Email: AAly@kilpatrickstockton.com<br><br>Stephen Eric Baskin<br>Kilpatrick Stockton LLP<br>607 14th St NW, Suite 900<br>Washington, DC 20005-2018<br>Tel: (202) 508-5800<br>Email: SBaskin@KilpatrickStockton.com<br><br>Alton L. Absher<br>Jon R. Pierce<br>Kilpatrick Stockton LLP<br>214 North Tryon Street, Suite 2500<br>Charlotte, NC, 28202-2381<br>Tel: (704) 338-5000<br>Email: AAbsher@KilpatrickStockton.com<br>Email: JPierce@KilpatrickStockton.com<br><br>William H. Boice<br>Russell A. Korn<br>Mitch G. Stockwell<br>Michael J. Turton<br>Wilson L. White<br>Kilpatrick Stockton LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA, 30309-4528<br>Tel: (404) 815-6500<br>Email: BBoice@KilpatrickStockton.com<br>Email: RKorn@KilpatrickStockton.com<br>Email: MStockwell@KilpatrickStockton.com<br>Email: MTurton@KilpatrickStockton.com<br>Email: WWhite@KilpatrickStockton.com | Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br>Tel: (703) 549-5354<br>Email: craig.reilly@ccreillylaw.com |

3

| **Counsel for Defendant IBM, Corp.** ||
|---|---|
|  | Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br>Tel: (703) 549-5354<br>Email: craig.reilly@ccreillylaw.com |

| **Counsel for Defendant Sun Microsystems, Inc.** ||
|---|---|
| Andrew James Isbester<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Ctr., 8th Floor<br>San Francisco, CA 94111<br>Tel: (415) 273-4335<br>Email: jisbester@townsend.com<br><br>Jonathan Dyste Link<br>Townsend and Townsend and Crew  LLP<br>1301 K St NW, 9Th Floor, East Tower<br>Washington, DC 20005<br>Tel: (202) 481-9900<br>Email: jlink@townsend.com |  |

| **Counsel for Defendant Oracle Corporation** ||
|---|---|
| Andrew James Isbester<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Ctr., 8th Floor<br>San Francisco, CA 94111<br>Tel: (415) 273-4335<br>Email: jisbester@townsend.com<br><br>Jonathan Dyste Link<br>Townsend and Townsend and Crew LLP<br>1301 K St NW, 9Th Floor, East Tower<br>Washington, DC 20005<br>Tel: (202) 481-9900<br>Email: jlink@townsend.com |  |

4

        By:   /s/ Jeffrey K. Sherwood

Jeffrey K. Sherwood
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
SherwoodJ@dicksteinshapiro.com