IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| TECSEC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-115-LMB/TCB |
| v. ) | |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF TECSEC, INC.'S MOTION
## FOR THE ENTRY OF A CASE MANAGEMENT ORDER

On April 28, 2010, this Court held a hearing to discuss ways to streamline this patent infringement case. After considering the Defendants' written submissions, along with TecSec's brief and the arguments of the Parties, the Court modified the initial Scheduling Order and granted an extension of the discovery deadlines. The Court also invited TecSec and the Defendants to think about an intelligent, economic approach towards resolving this case and asked the Parties to come up with creative ways to streamline discovery to make the case as manageable as possible.

TecSec has heeded the Court's instruction. It believes that, with a few modifications and a good faith effort by the Parties to coordinate discovery and motions practice, a unified pretrial phase for this litigation will not only be manageable but will present a much more efficient way to resolve these claims. TecSec respectfully requests that the Court enter a Case Management Order specifically adopting these streamlining proposals and directing all Parties to proceed with discovery without further delay. TecSec believes that such an Order is necessary because certain Defendants have already begun causing unjustified delay by resisting discovery, claiming that

providing substantive responses and producing documents is premature unless the Court confirms that this action is proceeding against all Defendants.  *See* Exhibit 1, Defendant Oracle Corporation and Oracle America, Inc.'s Objections and Responses to TecSec's First Set of Interrogatories, Objections to Interrogatories Nos. 1, 3, 6, 9, 10, 12, 13, 16 ("If the Court determines that the case will proceed against Oracle at this time, Oracle will meet and confer with TecSec to determine what, if any, response to this interrogatory is appropriate."), and Exhibit 2, Defendant Oracle Corporation and Oracle America, Inc.'s Objections and Responses to TecSec's First Set of Requests for Production, Objections to Requests Nos. 2, 6, 7, 9-14, 16-20, 22-27, 32, 34- 42, 44 and 46-49  ("If the Court determines that the case will proceed against Oracle at this time, Oracle will meet and confer with TecSec to determine what, if any, response to this document request is appropriate.").

**1.      TecSec's Detailed Claim Charts Define The Scope Of This Litigation.**

On May 12, 2010, in accordance with the Court's April 30, 2010 Order, TecSec provided the Defendants with extremely detailed infringement claim charts and made a significant document production in support of those charts.  The charts clearly set out which claims of which patents are being asserted against each of the Defendants' products.  These charts also illustrate the publicly available information that forms the initial basis for TecSec's infringement allegations, and map out, in a detailed way, that information against the specific elements of the claims on an element by element basis.  These charts provide the Defendants with ample information.  The Defendants are now able to set out, in detail, any non-infringement positions they may wish to take and to set out clearly their invalidity positions and affirmative defenses.

With this detailed information provided early in the case, the scope of the litigation is clearly defined and the Parties can focus on the claims and products at issue. This case can be

ready for trial for all Defendants within the deadlines set forth in the Court's April 30, 2010 Order.

**2.    TecSec's Proposals To Streamline This Litigation.**

Should the Court believe that further streamlining of this litigation is necessary, TecSec has considered the following proposals that may assist in narrowing the issues and may ensure that the litigation proceeds in a more logical and manageable way:

### A.    Reduce the Number of Patents and Claims Asserted

TecSec's infringement charts assert claims of infringement of a total of eleven patents against the Defendants.  These eleven patents can be grouped into four patent "families": (i) four Distributed Cryptographic Object Method ("DCOM") patents; (ii) one XML Encryption patent; (iii) five Split Key Patents; and (iv) one Parallel Processor patent.  Of the 380 claims in those eleven patents, TecSec initially asserted a total of 205 claims, although not all of the patents, and not all of the 205 claims, have been asserted against all of the Defendants.

After considering the Court's comments at the hearing, however, TecSec believes that this case could be streamlined by focusing on the core patents that are common to all Defendants, namely the four DCOM patents and the one XML Encryption patent.  Accordingly, TecSec would agree to bifurcate this case and proceed with the four DCOM patents and the one XML patent, which include only 72 of the asserted 205 claims.  This would result in a reduction of more than 50% of the patents and nearly 67% of the infringement claims at issue.  TecSec would agree to stay the case temporarily with respect to the five Split Key Patents and the

Parallel Processor Patent until after the trial on the DCOM and XML patents has concluded.[1] This would result in a total reduction of six patents and 136 asserted claims.

TecSec believes that this will substantially reduce the burdens upon the Parties as well as upon the Court. There will be significantly fewer claims at issue. This should also result in fewer claims for the Court to construe. Discovery will be streamlined as well. There will be only two inventors to depose and testify, rather than five. There will likely be far fewer experts needed because only two patent families will be at issue, rather than all four. There will also be fewer products at issue.

### B.  Reduce the Number of Claims for Construction

In addition to reducing the number of patents and claims asserted, TecSec believes that the Court can and should limit the number of claim terms that the Parties can submit for construction. The Court should require consolidated briefing on claim construction issues. This is generally required by other courts that frequently handle coordinated, multi-defendant patent actions, and it has been found to reduce greatly the burden on the Court. If, for example, each side were permitted to designate up to five claim terms per patent, or per patent family, for construction, and each side were limited to submitting a single brief on their constructions and a single reply brief, then the Court could effectively manage the *Markman* process and avoid being inundated with multiple competing claim construction proposals.

### C.  Set Reasonable Limits on Discovery

Discovery has been underway for over a month, and, because TecSec's Complaint contained so much detail and specifically identified the infringing products, the Defendants

---

[1] The Split Key and Parallel Processor patents have much later expiration dates than the DCOM and XML patents and thus the harm to TecSec from a stay with respect to these patents is reduced.

should be well on their way to collecting and producing relevant technical, marketing and sales documents for the accused products.  TecSec has already produced more than 70,000 pages of documents.  With TecSec's production of its detailed infringement charts, there is no credible basis for any further discovery delay by the Defendants.

TecSec submits that proceeding with discovery and pre-trial in a coordinated fashion will actually benefit, and not harm, the Defendants.  The litigation with respect to any individual Defendant is not particularly complex and is certainly no more complex than in the average single defendant patent action.  And because the Defendants can collectively draw upon the resources of numerous major law firms through their joint defense group, they can share costs, conserve resources, and divide out issues for more detailed consideration.  While proceeding with multiple Defendants at the same time requires additional effort from TecSec's counsel, with coordination and cooperation from the Defendants, TecSec believes that a unified approach presents the most efficient means for resolving these claims.

Moving forward, the Joint Discovery Plan can assist in alleviating any potential burdens on the Court, the witnesses, and the Parties.  While the Parties have agreed on many issues, there remain some minor disagreements, and competing proposals, related to depositions.  TecSec's proposal includes provisions for reasonable limits on the number of experts and coordinated depositions of inventors, experts and company representatives that will result in the reduction of duplicative depositions on common issues such as conception, reduction to practice, first sale, validity and enforceability.  TecSec also submits that coordination should be required with respect to discovery motions practice.  To reduce the volume of filings with the Court, the Court should order the Parties to confer in advance on all discovery motions to ensure that briefing on overlapping or identical issues would be coordinated into a single motion.

### D. Require Mediation

TecSec proposes mandatory mediation to promote a prompt and efficient business resolution of this dispute with at least a subset of the Defendants. Mediation in the prior litigation with Microsoft was successful. TecSec would agree to a consolidated mediation period prior to and/or immediately following the *Markman* process, during which TecSec would serially mediate with all remaining Defendants, either under the Court's supervision or with a private mediator. As mentioned previously, keeping all of the Defendants in the case through the final pretrial conference will allow all of the issues with respect to each Defendant to be fully developed, and will almost inevitably foster more productive settlement discussions.

### E. Group the Defendants for Trial

Depending on how many, and which, Defendants remain in the case for trial, TecSec believes that holding trials for smaller groupings of related Defendants, or even individual trials for some Defendants, may be appropriate. TecSec's concern, as previously stated, is that a serial trial process could subject TecSec to non-mutual defensive collateral estoppel issues that would confer an unfair benefit upon the Defendants, and would unduly prejudice TecSec. Nevertheless, TecSec remains open to ways in which this option might be used without undue prejudice to its interests. TecSec respectfully suggests that this subject should be addressed at the final pretrial conference once it is clear which Defendants remain in the case.

### CONCLUSION

TecSec submits that this case can be ready for trial for all Defendants within the deadlines set forth in the Court's April 30, 2010 Order, with no prejudice to any Party and without imposing an undue burden on the Court. Should the Court conclude that further

narrowing of the issues is necessary, TecSec respectfully requests that the Court enter a Case Management Order providing for the streamlining of this case as described above.

Dated: May 17, 2010

Respectfully submitted,

By: /s/ Brian M. Buroker
Richard L. Wyatt, Jr. (*pro hac vice*)
Michael A. O'Shea (*pro hac vice*)
Brian M. Buroker (VSB #39581)
Michael A. Oakes (VSB #47245)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Thomas J. Cawley (VSB #04612)
Stephen M. Sayers (VSB #23066)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Dr
Suite 1700
McLean, VA 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Service Email: tecsec@hunton.com

Andrew G. DiNovo (*pro hac vice*)
Jay D. Ellwanger (*pro hac vice*)
Raymond William Mort, III (*pro hac vice*)
Adam Geoffrey Price (*pro hac vice*)
**DINOVO PRICE ELLWANGER
& HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

*Attorneys for Plaintiff TecSec, Incorporated*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of May, 2010, the foregoing PLAINTIFF TECSEC INC'S MOTION FOR THE ENTRY OF A CASE MANAGEMENT ORDER was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to the following:

| | |
|---|---|
| *Attorneys for International Business Machines Corporation*: | John M. Desmarais<br>Jon Hohenthaner<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br><br>Elizabeth Bernard<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, D.C. 20006<br><br>Craig C. Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br><br>Service Email: IBMCounsel@kirkland.com |
| *Attorneys for SAS Institute, Inc.* | Walter Kelley, Jr.<br>Tara Lynn Zurawski<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>wdkelley@jonesday.com<br>tzurawski@jonesday.com<br><br>Thomas Goots<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>trgoots@jonesday.com |

|  |  |
|---|---|
| *Attorneys for SAP America, Inc. and SAP AG:* | Jeffrey K. Sherwood, <br> Frank C. Cimino <br> Matthew Weinstein <br> Megan Sunkel Woodworth <br> Dickstein Shapiro LLP <br> 1825 Eye Street NW <br> Washington, DC 20006 <br><br> Service Email: <br> SAP-TecSec@dicksteinshapiro.com |
| *Attorneys for Cisco Systems, Inc.* | William Boice <br> Mitchell Stockwell <br> Kilpatrick Stockton LLP <br> 1100 Peachtree Street <br> Atlanta, GA 30309-4530 <br> bboice@kilpatrickstockton.com <br> mstockwell@kilpatrickstockton.com <br><br> Amr Aly <br> Kilpatrick Stockton LLP <br> 31 West 52nd Street <br> New York, NY 10019 <br> aaly@kilpatrickstockton.com <br><br> Craig C. Reilly <br> Law Office of Craig C. Reilly <br> 111 Oronoco Street <br> Alexandria, VA 22314 <br> craig.reilly@ccreillylaw.com |

| | |
|---|---|
| *Attorneys for Sybase, Inc.* | Blair Jacobs<br>Christina Ondrick<br>Karla Palmer<br>McDermott, Will & Emery LLP<br>600 13th Street, N.W.<br>Washington, D.C. 20005<br>bjacobs@mwe.com<br>kpalmer@mwe.com<br>condrick@mwe.com<br><br>Terrence McMahon<br>Vera Elson<br>Yar Chaikovsky<br>Hong Lin<br>McDermott Will & Emery LLP<br>275 Middlefield Road<br>Menlo Park, CA 94025<br>tmcmahon@mwe.com<br>velson@mwe.com<br>hlin@mwe.com |
| *Attorneys for Software AG USA, Inc and Software AG, Inc.* | Michael Robinson<br>Stephen K. Gallagher<br>Venable LLP<br>8010 Towers Crescent Drive<br>Vienna, VA 22182<br>mwrobinson@venable.com<br>skgallagher@venable.com<br><br>Jeffri Kaminski<br>Venable LLP<br>575 7th Street, NW<br>Washington, DC 20004<br>jakaminski@venable.com |

| | |
|---|---|
| *Attorneys for Adobe Systems Incorporated* | Henry Su<br>James Valentine<br>William Nelson<br>Christina Finn<br>Howrey LLP<br>1950 University Avenue<br>East Palo Alto, CA 94303-2281<br>suh@howrey.com<br>valentinej@howrey.com<br>nelsonw@howrey.com<br>finnc@howreyc.om<br><br>Henry Charles Bunsow<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br>bunsowh@howrey.com |
| *Attorneys for eBay Inc. and PayPal, Inc.* | Sarah Hall<br>George Pappas<br>Gary Rubman<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>Nitin Subhedar<br>Bhanu Sadasivan<br>Covington & Burling LLP<br>333 Twin Dolphin Drive<br>Redwood Shores, CA 94065<br><br>Service Email: ebay-ts@cov.com |

| | |
|---|---|
| *Attorneys for Oracle Corporation & Sun Microsystems, Inc (Now Oracle America, Inc.)* | Jonathan D. Link<br>Townsend and Townsend and Crew LLP<br>1301 K Street, N.W., East Tower<br>Washington, D.C. 20005<br><br>James G. Gilliland, Jr.<br>A. James Isbester<br>Mehrnaz Boroumand Smith<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Center<br>San Francisco, CA 94111<br><br>Matthew Hulse<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br><br>Service Email: oracle-tecsec@townsend.com |

/s/ Brian M. Buroker
Brian M. Buroker (VSB #39581)
Hunton & Williams, LLC
1900 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
*Attorney for TecSec, Incorporated*