UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TECSEC, INCORPORATED,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, SAS INSTITUTE INC., SAP AMERICA, INC., SAP AG, CISCO SYSTEMS, INC., SUN MICROSYSTEMS, INC., SYBASE, INC., SOFTWARE AG, SOFTWARE AG, INC., ADOBE SYSTEMS INCORPORATED, EBAY INC., PAYPAL, INC., and ORACLE CORPORATION,<br><br>  Defendants. | Case No. 1:10-cv-00115-LMB-TCB |

## REVISED JOINT PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), and this Court's direction at and after the June 4, 2010 scheduling conference, counsel for Plaintiff TecSec, Inc. and counsel for Defendant IBM (together, the "parties") conferred by telephone on June 8, 2010 and June 10, 2010 to discuss their respective views on how discovery should proceed in this action. The parties submitted a Proposed Discovery Plan in accordance with the Court's April 30, 2010 Order (Doc. No. 168). In accordance with the directives of the Magistrate Judge at the Rule 16(b) Conference held on June 16, 2010, the parties revised the Proposed Discovery Plan, which they respectfully submit.

**I.    PROTECTIVE ORDER**

The parties shall submit a stipulated Protective Order to the Court on or before June 18, 2010, or, should they fail to agree, by that date they shall file any motions for entry of a Protective Order, noticed for hearing on June 25, 2010.  Until the Court enters a Protective

1

Order, all documents produced pursuant to this Plan and in response to discovery requests, as well as any depositions taken, shall be treated by the receiving party as Attorneys-Eyes-Only. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

## II.     AMENDMENT OF PLEADINGS/JOINDER OF PARTIES

All motions seeking to join new parties must be filed by July 2, 2010. All motions seeking to amend pleadings must be filed by July 30, 2010, with the exception of a motion seeking to amend to add defenses or counterclaims regarding inequitable conduct. All motions seeking to amend the pleadings to add inequitable conduct defenses or counterclaims must be filed by August 16, 2010. Motions for amendment or joinder after those dates will not be allowed except for good cause shown.

## III.    DISCLOSURE SCHEDULE

A.     **Rule 26(a)(1) Disclosures.**  The parties served their initial Rule 26(a)(1) disclosures on May 7, 2010.

B.     **Infringement Contentions.**  Plaintiff submitted its Court-ordered infringement contentions on May 12, 2010. Plaintiff contends that it has provided the following required disclosures:

1.     A list of the accused devices known to Plaintiff.

2.     A claim chart identifying specifically: (i) where each limitation of each asserted claim is found within each of the accused product(s), device(s), or method(s) including for each limitation that Plaintiff contends is governed by 35 U.S.C. § 112(6) (means-plus-function); and (ii) the identity of the structure(s), act(s), element(s), step(s), or material(s) in the accused product(s) or device(s) that corresponds to the structure identified in the patent specification that performs the claimed function.

3. A statement regarding whether each limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product(s), device(s), or method(s).

4. The basis of its contention that Defendant has committed indirect infringement, whether by inducing infringement or contributory infringement, stating the particulars of its contention (e.g., identifying the alleged direct infringer(s), the act(s) of direct infringement, the accused product(s), and each other element of an indirect infringement claim).

5. A copy of the following documents (together with any English translations of such documents completed prior to the date of such disclosures):

   (i) A copy of the file history for each patent;

   (ii) All licenses for each patent (current or expired); and

   (iii) All rulings regarding claim construction, validity, infringement, license defense, enforceability, valuation, and any other defenses from any other cases in which the patents-in-suit have been asserted or the technology in the patents-in-suit has been valued.

   (iv) Copies of foreign counterparts to the patents asserted.

6. Additional information showing, or documents sufficient to show, or both, the following:

   (i) The date of conception and reduction to practice of each asserted claim;

   (ii) The dates of first public use, first sale, and first offer of sale of a device that embodies the inventions defined in the asserted claims; and

   (iii) If Plaintiff intends to preserve the right to rely on the assertion that its own apparatus, product, device, or other instrumentality practices the claimed inventions of the asserted patents, plaintiff shall identify each such apparatus, product, device, other instrumentality, or method.

  **C.** **Preliminary Invalidity Contentions.**

  Defendant shall serve its "Preliminary Invalidity Contentions" on or before July 9, 2010, which must identify as specifically as possible the following:

  1. The facts and assertions relevant to Defendant's invalidity positions under 35 U.S.C. § 102(a)-(g), including each item of prior art that Defendant contends anticipates each specified claim.

  2. The facts and assertions relevant to Defendant's invalidity positions under 35 U.S.C. § 103, including each item or combination of prior art that Defendant contends renders each claim obvious and the motivation to combine such items.

  3. A chart that compares allegedly invalidating prior art to each asserted claim on a prior art item and claim element by claim element basis. Where Defendant contends that a claim element is governed by 35 U.S.C. § 112(6), Defendant shall identify the structure(s), act(s), element(s), step(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

  4. Facts and assertions relevant to invalidity positions under 35 U.S.C. § 112, including any grounds for invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1).

     5.     A copy of each item of prior art identified by the Defendant that does not appear in the file history of the patent(s) at issue (together with any English translations of such documents completed prior to the date of such disclosures).

    **D.**    **Supplementation of Contentions.**

Supplementation of contentions shall not be allowed after August 25, 2010, except for good cause shown.

**IV.**    **ELECTRONICALLY STORED INFORMATION**

The parties shall submit proposed electronically stored information ("ESI") plans with their justification by June 18, 2010. The Court will rule on the pleadings.

**V.**    **FACT DISCOVERY SCHEDULE AND LIMITATIONS**

The scope of discovery shall be governed by the Federal Rules of Civil Procedure, as modified by the following provisions, subject to the parties' right to seek (or agree upon) additional or modified discovery provisions under appropriate circumstances pursuant to Section VIII below.

    **A.**    **Timing of Fact Discovery.**  All fact discovery including written, document, and deposition discovery, shall be concluded no later than September 17, 2010.

    **B.**    **Fact Witness Depositions.**  The total number of fact witness deposition hours taken, including party witnesses, inventors, designees, and non-party depositions, shall not exceed one hundred fifty (150) hours per side unless the Court finds that good cause is shown.

Both parties shall identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) days in advance of the deposition date.

    **C.**    **Privilege log**

The parties agree to make a good-faith effort to provide a privilege log within fourteen (14) calendar days of service of documents responsive to document requests. The parties further agree that privileged or work product protected communications, documents and things created after the date of the filing of this lawsuit need not be identified on any such privilege log. To the extent that materials created by and between litigation counsel for plaintiff, or by and between litigation counsel and plaintiff's representatives, were created specifically for and in anticipation of this litigation (and to the extent not related to patent prosecution or any other actual or anticipated litigation), Plaintiff may log such materials by categories that specify the time period of creation, the persons involved (by name and status as counsel or client representative), and generally describing the category of materials.

    **D.**    **Requests for Admission.** Both parties may serve up to forty (40) requests for admission pursuant to Rule 36. The parties agree to meet and confer before serving requests for admission or a stipulation regarding the authenticity or admissibility of documents. If they cannot agree on a proposed stipulation, each party may seek leave of court to serve additional requests for admission solely to address authentication or admissibility issues.

    **E.**    **Third Party Materials.** The parties shall provide or make available all materials obtained from third parties pursuant to Rule 45.

**VI.**    **EXPERT DISCOVERY.**

    **A.**    **Timing of Expert Discovery.** All expert discovery shall be completed by October 29, 2010.

    **B.**    **Expert Disclosures.** The parties shall exchange expert disclosures required by Fed. R. Civ. P. 26(a)(2) on all issues on which they bear the burden of proof by September 24, 2010. The parties shall exchange rebuttal expert disclosures by October 12, 2010.

1. **Supplementation of Expert Disclosures.** If a party believes in good faith that the Court's claim construction ruling so requires, not later than 15 days after the Court's ruling, the party may supplement its expert reports solely to address the Court's claim construction. Any supplemental rebuttal report must then be served not later than 7 days after the service of the supplemental expert report.

2. **Drafts and Counsel Communications with Experts**. The parties agree that no notes, drafts, or other type of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report or testimony in connection with this action; such communications shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

3. **Employee Experts.** If a party intends to use an employee expert on any issue at trial, the party shall comply with Rule 26(a)(2)(C), as amended effective December 1, 2010.

VII. **SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES.**

All pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and local rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and other papers that are not filed.

The serving party shall attach the pleading or paper in "Portable Document Format"(.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via service with the ability to "track" deliveries and verify receipt. Service of discovery requests, objections and responses, and filings by e-mail prior to 6:00 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt. The parties agree to exchange "listserve" addresses or other group e-mail addresses to facilitate service on the parties and all outside counsel for each party.

**VIII.   MODIFICATION**

A party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

**IX.   DISPOSITIVE MOTIONS AND CLAIM CONSTRUCTION**

The parties shall file all dispositive motions and, if necessary, their opening claim construction briefs by October 28, 2010, with a hearing on such issues set for November 18, 2010 at 10:00am.

**X.   SETTLEMENT CONFERENCE**

A settlement conference may be requested at any time in the case. The Court may refer the parties to consult with a United States Magistrate Judge regarding settlement.

**XI.   PRETRIAL CONFERENCE**

A.   **Supplemental Scheduling Conference**. On August 11, 2010, at 10:00 a.m., the parties will appear for a supplemental scheduling conference. One week prior thereto, each side will submit a report on the remaining scheduling issues.

      **B.**	**Final Pretrial Conference.**  On November 4, 2010, at 10:00 a.m., the parties shall appear for the final pretrial conference.  The parties will meet and confer prior to that conference and submit in advance a proposed schedule for pretrial submissions and other pretrial motions, and be prepared to present their views on the conduct of the trial itself.  Motions concerning the conduct of the trial, such as motions for bifurcation of issues, if not already filed and decided, will be filed sufficiently in advance of the conference to permit the other parties to respond and the Court to consider those issues at the conference.

      **C.**	**Daubert Motions and Motions in Limine.**  The parties agree that all *Daubert* motions to exclude experts or expert testimony and all motions in limine shall be filed in time to be heard at least two (2) weeks before the trial date.  The parties shall meet and confer and submit a proposed briefing schedule for any such motions at the November 4, 2010 final pretrial conference.

**XII.	TRIAL**

      **A.**	**Magistrate Judge.**  The parties do not agree to proceed to trial before a Magistrate Judge.

      **B.**	**Jury Trial.**  A jury trial has been demanded.

Dated: June 16, 2010                                   Respectfully submitted,

| | |
|---|---|
| /s/ Craig C. Reilly | /s/ Brian M. Buroker |
| Craig C. Reilly, Esq. (VSB # 20942) | Richard L. Wyatt, Jr. (*pro hac vice*) |
| 111 Oronoco Street | Michael A. O'Shea (*pro hac vice*) |
| Alexandria, Virginia 22314 | Brian M. Buroker (VSB #39581) |
| Telephone: 703-549-5354 | Michael A. Oakes (VSB #47245) |
| Facsimile: 703-549-2604 | Ryan Phair (*pro hac vice*) |
| E-mail: craig.reilly@ccreillylaw.com | **HUNTON & WILLIAMS LLP** |
| | 1900 K Street, N.W. |
| John M. Desmarais | Washington, D.C. 20006-1109 |
| DESMARAIS LLP | Telephone:  (202) 955-1500 |
| 230 Park Avenue | Facsimile:   (202) 778-2201 |
| New York, NY 10169 | |
| Telephone: 917-340-6940 | Thomas J. Cawley (VSB #04612) |
| Facsimile: 914-666-6962 | Stephen M. Sayers (VSB #23066) |
| | **HUNTON & WILLIAMS LLP** |
| Jon T. Hohenthaner | 1751 Pinnacle Dr |
| KIRKLAND & ELLIS LLP | Suite 1700 |
| 601 Lexington Avenue | McLean, VA 22102 |
| New York, NY 10022-4675 | Telephone: (703) 714-7400 |
| Telephone: 212-446-4800 | Facsimile: (703) 714-7410 |
| Facsimile: 212-446-4900 | |
| | Service Email: tecsec@hunton.com |
| Elizabeth Bernard | |
| KIRKLAND & ELLIS LLP | Andrew G. DiNovo (*pro hac vice*) |
| 655 15th Street, N.W. | Jay D. Ellwanger (*pro hac vice*) |
| Washington, D.C. 20005 | Raymond Mort III (*pro hac vice*) |
| Telephone: 202-879-5000 | Adam Price (*pro hac vice*) |
| Facsimile: 202-879-5200 | **DINOVO PRICE ELLWANGER & HARDY LLP** |
| | 7000 N. MoPac Expressway, Suite 350 |
| *Attorneys for Defendant IBM* | Austin, Texas 78731 |
| | Telephone:  (512) 539-2626 |
| | Facsimile:   (512) 539-2627 |
| | |
| | Service Email: tecsec@dpelaw.com |
| | |
| | *Attorneys for Plaintiff TecSec, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2010, the foregoing REVISED JOINT PROPOSED DISCOVERY PLAN was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to all counsel of record. TecSec has also served this document via email to the following:

| | |
|---|---|
| *Attorneys for International Business Machines Corporation*: | John M. Desmarais<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br><br>Service Email: jdesmarais@desmaraisllp.com<br><br>Jon Hohenthaner<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br><br>Elizabeth Bernard<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, D.C. 20006<br><br>Craig C. Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br><br>Service Email: IBMCounsel@kirkland.com |

/s/ Brian M. Buroker
Brian M. Buroker (VSB #39581)
Hunton & Williams, LLC
1900 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 955-1500
Facsimile: (202) 778-2201
bburoker@hunton.com
*Attorney for TecSec, Incorporated*

11