

FILED
JUN 17 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TECSEC, INCORPORATED, <br><br> Plaintiffs, <br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, et al., <br><br> Defendants. | Civil Action No. 1:10cv115 |

## SCHEDULING ORDER

\_\_\_\_\_1. Upon consideration of the representations made by the parties in submissions presented, the Court makes the following rulings:

a. The Revised Joint Discovery Plan filed by the parties is approved and shall control discovery to the extent of its application unless further modified by the Court.

2. Any motion to amend the pleadings or to join a party shall be made as soon as possible after counsel becomes aware of the grounds for the motion.

3. Expert discovery shall be governed by the schedule set forth in the Proposed Discovery Plan , and Local Civil Rule 26(D).

4. All motions, except for summary judgment, shall be noticed for hearing on the earliest possible Friday before the final pretrial conference. Ten working days' notice is required for motions to dismiss, for summary judgment, for patent claim construction, and for judgment on the pleadings. Non-dispositive motions must be filed and delivered to opposing counsel by 5:00

p.m. the Friday before the Friday for which noticed, with a response due by 5:00 p.m. the Wednesday before the hearing. This order and Local Civil Rule 7 modify the time periods for the notice and briefing of motions under Fed. R. Civ. P. 6(c) and 56(c). All motions must contain a statement that a good-faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. A paper copy of any non-dispositive motion and all papers relating to the motion shall be delivered directly to the chambers of the undersigned magistrate judge upon filing. See ECF Policies and Procedures, Alexandria Courtesy Copy Information.

5. To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

6. *Sealing of Documents.* Filings under seal are disfavored and discouraged. See <u>Virginia Department of State Police v. The Washington Post, et al</u>, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file documents under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be docketed for a hearing or made in open court. The motion must state sufficient facts supporting the action sought and each proposed order must include specific findings. *See* <u>Virginia Department of State Police, supra</u>, and Local Civil Rule 5.

7. Without leave of court, all Fed. R. Civ. P. 12 issues shall be raised in one pleading. Similarly, unless Court permission is obtained in advance, all summary judgment issues must be presented in the same pleading.

8. All motions must adhere to the page limits set in Local Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point.

9. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial

10. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

It is so ORDERED.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Date: June 17, 2010
Alexandria, Virginia