**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| TECSEC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-115-LMB/TCB |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ADOBE SYSTEM, INCORPORATED'S NOTICE OF JOINDER IN DEFENDANTS' MOTION TO CONTINUE STAY OF ACTION PENDING RESOLUTION OF REEXAMINATION INITIATED BY TECSEC**

Defendant Adobe Systems, Incorporate ("Adobe") joins in that part of the Motion to Continue Stay of Action Pending Resolution of Reexamination Initiated by TecSec (the "Stay Motion"), filed by the other remaining defendants,[1] that seeks a stay of this action pending completion of the TecSec-initiated *ex parte* reexamination proceeding pending before the Patent Office and the conclusion of any appeals taken by plaintiff TecSec, Inc. ("TecSec") from the final decision in that proceeding. Dkt. No. 683, Stay Motion at 1, 6-9. Adobe also joins that part of the Motion that seeks, at a minimum, a stay pending completion of the reexamination proceedings before the Patent Office, which are expected to conclude no later than November 2014, so that the Court can assess the likelihood of the claims of the XML patent having continuing effect. *Id.* at 1, 9.

---

[1] The Stay Motion was filed by Oracle Corporation and Oracle America, Inc., Software AG and Software AG Inc., SAP AG, SAP America, Inc., and Sybase, Inc., PayPal, Inc., Cisco Systems Inc., and SAS Institute, Inc.

## I. The Claims Against Adobe on the DCOM and XML Patents Overlap, Thus Supporting a Stay Pending Resolution of the Validity of the XML Patent

There is a substantial overlap between the Adobe products accused of infringing the DCOM patent family and those accused of infringing the XML patent. Dkt. No. 665. As the chart below shows, Adobe's Acrobat and LiveCycle product families are accused of infringing claims from both the DCOM patents and the XML patent; Adobe's ColdFusion product is accused of infringing claims only from the DCOM patents:[2]

| Adobe Accused Product | Accused of Infringing DCOM Patents | Accused of Infringing XML Patent |
|---|---|---|
| Acrobat Versions 5 and higher | X | X |
| ColdFusion Version 7 and higher | X | |
| LiveCycle product family | X | X |
|    LiveCycle Rights Management with Acrobat (f/k/a LiveCycle Policy Server) Versions 7 and higher | (X) | |
|    LiveCycle Designer Versions 7 and higher | (X) | |
|    LiveCycle Designer Version 8 and higher | | (X) |

Adobe expects that the document custodians and relevant witnesses for the accused Acrobat and LiveCycle products will be the same with respect to the DCOM patent claims and the XML patent claims. TecSec should be permitted to seek discovery, including deposition testimony, only once as to these accused products and should not be permitted to burden Adobe with successive depositions if and when the asserted claims of its XML patent are revived following appeal. Indeed, TecSec has previously expressed concern about the inefficiency of piecemeal litigation, and has advocated for an approach to discovery that avoids requiring

---

[2] The patents and claims asserted against Adobe are U.S. Patent Nos. 6,694,433 (claims 1-12), 5,369,702 (claims 1-15), 5,717,755 (claims 1-12), 5,898,781 (claims 1-20), and 5,680,452 (claims 1-13).

multiple depositions of the same party on different patent families. TecSec's counsel explained its views as follows during the March 8, 2012 hearing before this Court:

> [I]t's our desire to do the DOM and those [Parallel Processor and Split Key patents] together just to save resources, so we would take a single 30(b)(6) deposition of the company rather than taking one on these patents, taking another one later if the CDOM patents come back.

Dkt. No. 602 (Mar. 9, 2012 Tr.) at 15-16.

For these reasons, and incorporating by reference the reasons set forth in the Stay Motion filed by the other remaining defendants as if fully set forth herein, Adobe requests a stay of the proceedings against it pending completion of proceedings on the XML patent in the Patent Office and any subsequent appeal. Alternatively, Adobe requests a stay of the proceedings against it at least until the conclusion of proceedings on the XML patent in the Patent Office.

Adobe further proposes in the alternative that if under any procedure adopted by the Court to manage this matter the depositions of any Adobe technical witnesses are taken on the DCOM patents, TecSec should be required to at the same time ask any questions it has of those witnesses relating to infringement of the XML patent. TecSec itself chose to initiate the pending reexamination proceeding while its remaining claims in this action were still pending, and its request that the Court proceed with the remainder of the case while the reexamination on the XML patent and any appeal relating to that reexamination proceeds will impose unnecessary burden and costs on Adobe, given the overlap between the products accused of infringement on each patent family. This approach may help remedy some of the prejudice to Adobe from having to provide successive, overlapping discovery, including depositions of witnesses knowledgeable about the overlapping accused products, first with respect to the DCOM patent claims and then later with respect to the XML patent claims.

## II. The Claims Against Adobe Were Gutted by the Federal Circuit's Claim Construction Ruling, Making Summary Procedures Appropriate Should TecSec Not Voluntarily Withdraw These Claims

Adobe further joins in the request, Dkt. No. 683, Stay Motion at 10-12, that if the Court does not stay this matter entirely, it proceed via summary judgment proceedings on non-infringement, and stay the remainder of this case.[3] At TecSec's request, this Court entered a judgment on April 24, 2012 against TecSec and in favor of Adobe and the other defendants with respect to TecSec's then-pending claims for infringement of the DCOM Patents. Dkt. No. 624. At the time that judgment was entered, TecSec advised the Court that "TecSec would agree that all Defendants do not infringe any DCOM Patent for any product that was accused of infringement, or that could have been accused of infringement, under the Court's claim constructions as set forth in the Court's March 3, 2011 Opinion." Dkt. No. 614 at 3. TecSec further committed that if the Federal Circuit were to reverse or modify the claim construction for either "multi-level . . . security" or "multimedia" on appeal, TecSec "[would] propose[] a status conference once the case was remanded at which TecSec would inform the Court whether it contended that any Defendant infringed the DCOM Patents based upon the guidance provided by the Federal Circuit." *Id.*

On October 2, 2013, the Federal Circuit affirmed this Court's construction of the "multi-level. . .security" limitation. *TecSec, Inc. v. Int'l Business Machines, Corp. et al.*, 731 F.3d 1336, 1345-46 (Fed. Cir. 2013). This limitation appears in each of the claims of the DCOM patents asserted against Adobe. *See* footnote 2, *supra*.

---

[3] Adobe does not join in the request made in the Stay Motion at 9-10 for the Court to now hold a trial on inequitable conduct or address in summary fashion validity of the DCOM Patents. The claims against Adobe have been stayed, and prior to the stay Adobe had taken no discovery relating to either issue.

Following the Federal Circuit's affirmance of the Court's construction of this claim limitation, Adobe advised TecSec that there was no basis for TecSec to continue to assert that Adobe infringed the DCOM patents. Declaration of Charlene M. Morrow, ¶ 2, Ex. 1. TecSec refused to meaningfully respond to Adobe on this issue, and instead indicated that TecSec would be seeking to amend its infringement contentions and would proceed with its claims. *Id.*, ¶ 3, Ex. 2. To date, TecSec has refused to either drop or even narrow its claims against Adobe. *Id.*, ¶ 4. Thus, Adobe asks that the Court take steps to enforce the Federal Circuit's ruling.

Accordingly, if the Court does not order a further the stay of the action, Adobe joins with the other remaining defendants in the suggestion that TecSec's claims as to the DCOM patent family can be disposed of most efficiently and effectively by permitting each defendant accused of infringing the DCOM patent claims to file a motion for summary judgment or summary adjudication of non-infringement as to the claims asserted against that defendant. *See* Dkt. No. 683, Stay Motion at 10-12. Adobe anticipates that its summary judgment motion can be decided in whole or at the very least in substantial part based on the "multi-level . . . security" limitation, as construed by this Court and affirmed by the Federal Circuit. However, should TecSec not agree with Adobe on the construction of other limitations Adobe believes are also not met, some additional claim construction may need to be done in connection with the Adobe summary judgment briefing. Adobe proposes that a stay of discovery be entered, with the exception that TecSec be permitted to explain what, if any, discovery it needs that is within the scope permitted by Federal Rule of Civil Procedure 56(d) to oppose Adobe's motion for summary judgment. That limited scope discovery could then be taken and the motion fully briefed. Adobe requests that all other discovery and activity in the case against Adobe be stayed pending resolution of defendants' motions for summary judgment of non-infringement.

### III. Conclusion

Adobe respectfully requests that the Court stay this action pending the resolution of all proceedings relating to the reexamination of the XML patent, or at least until completion of the reexamination proceedings currently pending before the Patent Office. In the alternative, if the Court does not stay the action, Adobe requests that the Court permit the remaining defendants to bring motions for summary judgment of non-infringement of the asserted claims of the DCOM patents, with a stay of all discovery except for what TecSec demonstrates is necessary to oppose defendants' motions under Rule 56(d). If, however, TecSec's discovery is not so limited, and if TecSec takes depositions of any Adobe technical witnesses on the DCOM patents, Adobe requests that the Court require TecSec also to ask any questions it has of those witnesses relating to infringement of the XML patents.

Dated: August 29, 2014

*Of Counsel for Defendant Adobe:*

Charlene M. Morrow
Virginia K. DeMarchi
Phillip J. Haack
David Wallace
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
TEL: (650) 988-8500
FAX: (650) 938-5200
E-MAIL: cmorrow@fenwick.com
        vdemarchi@fenwick.com
        phaack@fenwick.com
        dwallace@fenwick.com

Respectfully submitted,

/s/ Steven E. Adkins
Steven E. Adkins (VSB #32834)
Ric Macchiaroli
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
TEL: (202) 683-3800
FAX: (202) 683-3999
E-MAIL: steven.adkins@allenovery.com
        ric.macchiaroli@allenovery.com
*Counsel for Defendant and Counter Claimant Adobe Systems Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of August, 2014, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record:

| **Attorneys for TecSec, Inc.** | **Attorneys for Oracle Corporation and Oracle America, Inc.** |
|---|---|
| Brian Mark Buroker<br>HUNTON &WILLIAMS<br>1900 K St NW<br>Washington, DC 20006-1109<br>TEL: (202) 955-1500<br>FAX: (202) 778-2201<br>Email: bburoker@hunton.com<br><br>Gregory N. Stillman<br>Hunton & Williams<br>500 E Main St<br>Suite 1000<br>Norfolk, VA 23510<br>(757) 640-5314<br>Fax: (757) 625-7720<br>Email: gstillman@hunton.com<br><br>Michael Andrew Oakes<br>Hunton & Williams LLP (DC-Pennsylvania Ave)<br>2200 Pennsylvania Ave NW<br>Washington, DC 20037<br>(202) 955-1500<br>Email: moakes@hunton.com<br><br>Thomas J. Cawley<br>Stephen Michael Sayers<br>HUNTON &WILLIAMS<br>1751 Pinnacle Drive<br>McLean, VA 22102<br>Tel: (703) 714-7400<br>Email: tcawley@hunton.com<br>Email: ssayers@hunton.com | Steven C. Cherny<br>Kirkland & Ellis LLP<br>611 Lexington Avenue<br>New York, NY<br>Steven.cherny@kirkland.com<br><br>Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22324<br>703-549-5354<br>Fax: 703-549-2604<br>Email: craig.reilly@ccreillylaw.com<br><br>Jonathan Dyste Link<br>Kilpatrick Townsend and Stockton LLP<br>607 14th Street NW<br>Suite 900<br>Washington, DC 20005-2018<br>202-508-5800<br>Fax: 202-508-5858<br>Email: jonathan.link@lw.com |

| **Attorneys for Software AG and Software AG, Inc.**<br><br>Michael W. Robinson<br>Stephen Keith Gallagher<br>Venable LLP<br>8010 Towers Crescent Dr<br>Suite 300<br>Vienna, VA 22182<br>703-760-1600<br>Fax: 703-821-8949<br>Email: mwrobinson@venable.com<br>Email: skgallagher@venable.com | **Attorneys for SAP America, Inc. and SAP, AG**<br><br>Jeffrey K. Sherwood,<br>Charles Daniel Ossola<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>sherwoodj@dicksteinshapiro.com<br>ossolac@dicksteinshapiro.com |
|---|---|
| **Attorneys for SAS Institute, Inc.**<br><br>Walter D. Kelley, Jr.<br>Tara Lynn R. Zurawski<br>JONES DAY<br>51 Louisiana Avenue, NW<br>Washington, DC 20001<br>Tel: (202) 879-3939<br>Fax: (202) 626-1700<br>Email: wdkelley@jonesday.com | **Attorneys for Paypal, Inc.**<br><br>Grant Drews Johnson<br>Covington & Burling LLP (DC)<br>1201 Pennsylvania Ave NW<br>Washington, DC 20004-2401<br>202-662-6000<br>Fax: 202-778-5867<br>Email: gjohnson@cov.com |

| **Attorneys for Sybase, Inc.** | **Attorneys for Cisco Systems, Inc.** |
|---|---|
| Blair Martin Jacobs<br>Christina Ann Ondrick<br>McDermott Will & Emery LLP<br>600 13th St NW<br>Washington, DC 20005-3096<br>202-756-8000<br>Fax: 202-756-8199<br>Email: bjacobs@mwe.com<br>Email: condrick@mwe.com<br><br><br>Jeffrey Kirk Sherwood<br>Dickstein Shapiro LLP (DC)<br>1825 Eye St NW<br>Washington, DC 20006-5403<br>(202) 420-2200<br>Email: sherwoodj@dicksteinshapiro.com<br><br>Katie Bukrinsky<br>McDermott Will & Emery LLP (DC)<br>500 North Capitol St NW<br>Washington, DC 20001<br>202-756-8194<br>Fax: 202-591-2733<br>Email: kbukrinsky@mwe.com | Craig Crandall Reilly<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22324<br>703-549-5354<br>Fax: 703-549-2604<br>Email: craig.reilly@ccreillylaw.com<br><br>Stephen Eric Baskin<br>Mayer Brown LLP<br>1999 K Street NW<br>Washington, DC 20006-1101<br>(202) 263-3364<br>Email: sbaskin@mayerbrown.com |

*/s/ Steven E. Adkins*_____