IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TECSEC, INC.,

    *Plaintiff,*

v.

ADOBE SYSTEMS INC., *et al.*

    *Defendants.*

Civil Action No. 1:10-cv-115
Hon. Liam O'Grady
Hon. Theresa Buchanan

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff TecSec's Motion for Partial Summary Judgment of Infringement by Defendant Adobe and on Defendant's Affirmative Defenses of Obviousness-Type Double Patenting, Laches, § 1498, and Affirmative Defense/Counterclaim of Standards- Setting Misconduct (Dkt. 1006). For the reasons that follow and for good cause shown, the motion is **GRANTED IN PART AND DENIED IN PART**. The Court **DENIES** summary judgment on TecSec's claim that Adobe Systems, Inc. (Adobe) directly infringes Claim 14 of U.S. Patent No. 5,898,781 and **GRANTS** summary judgment on Adobe's affirmative defenses of obviousness-type double patenting, laches, government sales defense under 28 U.S.C. § 1498, and standards-setting misconduct.

### I. BACKGROUND

The history of this case is well known to the parties and thoroughly articulated in the prior decisions of this Court and the Federal Circuit Court of Appeals. *See, e.g., TecSec, Inc. v. Adobe Sys. Inc.*, 658 F. App'x 570, 572-75 (Fed. Cir. 2016) ("TecSec II"). In the present motion, TecSec has moved for summary judgment on its claim that Adobe directly infringes Claim 14 of

1

U.S. Patent No. 5,898,781 (the '781 Patent) and on Adobe's affirmative defenses of obviousness-type double patenting, laches, government sales defense under 28 U.S.C. § 1498, and standards-setting misconduct.

## II. LEGAL STANDARD

Summary judgment will be granted where, viewing the facts in a light most favorable to the non-moving party, there remains no genuine issue of material fact. FED. R. CIV. PRO. 56(c); *Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 426 (E.D. Va. 2010). A party opposing a motion for summary judgment must respond with specific facts, supported by proper documentary evidence, showing that a genuine dispute of material fact exists and that summary judgment should not be granted in favor of the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Conclusory assertions of state of mind or motivation are insufficient. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988). As the Supreme Court has held, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247-248 (1986)) (emphasis in original).

In a patent case, in order for a court to grant summary judgment to a patent holder, the court must find that every limitation of the patent claim is found in the accused device or technology. *See Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2002). Affirmative defenses may be struck at the summary judgment phase where the defense has no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Adobe has the burden to put forth a factual basis supporting its affirmative defenses to survive summary judgment. *Id.* at 322.

## III. DISCUSSION

*Claim 14 of the '781 Patent*

TecSec contends that Adobe directly infringes Claim 14 of the '781 patent when a copy of Adobe's product Acrobat is installed on a computer, meeting every limitation Claim 14. Dkt. 1008, p. 15. Claim 14 reads:

> A system for providing multi-level multimedia security in a data network, comprising:
> 1) a system memory for storing data;
> 2) an encryption algorithm module, comprising logic for converting unencrypted objects into encrypted objects, the encryption algorithm module being disposed to access data stored in the system memory;
> 3) an object labelling subsystem, comprising logic for applying label conditions to an object, the object labelling subsystem being disposed to access data stored in the system memory and the object labelling subsystem being further disposed to accept inputs from the encryption algorithm module;
> 4) a decryption algorithm module, comprising logic for converting encrypted objects into unencrypted objects, the decryption algorithm module being disposed to access data stored in the system memory means; and
> 5) an object label identification subsystem, comprising logic for limiting object access, according to the label conditions, the object label identification subsystem being disposed to access data stored in the system memory and the object label identification subsystem being further disposed to accept inputs from the decryption algorithm module;
> 6) wherein the encryption algorithm module and the object labelling subsystem together create an encrypted object such that the object label identification subsystem limits access to the encrypted object.

After reviewing Claim 14 and its limitations in light of the claim construction of the case and the record developed during discovery, the Court finds that it must await the actual trial evidence before determining whether Adobe Acrobat infringes Claim 14 upon installation on a computer as a matter of law. Accordingly, TecSec's motion for summary judgment as to Claim 14 is **DENIED** at this time. TecSec may renew the motion after all evidence has been presented at trial.

*Affirmative Defense – Obviousness-Type Double Patenting*

TecSec contends that Adobe has failed to put forth any evidence to support its affirmative defense of obviousness-type double patenting, noting that Adobe's invalidity expert, Dr. Clark, did not opine on obviousness-type double patenting in his expert report and that Adobe failed to raise the defense in its Invalidity Contentions of July 24, 2017. *Id.* at 27.

In response, Adobe disputes the facts pertaining to obviousness-type double patenting by asserting that extensive evidence provided by Dr. Clark supports Adobe's defense and that the Invalidity Contentions of July 24, 2017 were not required to include an analysis of obviousness-type double patenting. Dkt. 1072, p. 7. Adobe contends that it "included in the invalidity materials actually required by the Court's order, mapping the prior art for obviousness," then cites to a discovery order. *Id.* at 17. Adobe itself drafted that discovery order, which makes no mention of obviousness-type double patenting and which is associated with a motion to supplement invalidity contentions that also makes no mention of the defense. *See* Dkt. 929, 930, 941, and 943. Indeed, the order cited granted Adobe's own motion to supplement its invalidity contentions. *Id.* Adobe was the master of that motion, and appears to admit in its response to the instant motion that it failed to include obviousness-type double patenting in its initial invalidity contentions and failed to attempt to include discovery pertaining to the defense in its motion to supplement.

In addition, Adobe contends that Dr. Clark's expert report addressed the factual foundation for this affirmative defense, yet also admits that TecSec submitted terminal disclaimers in response to each of the obviousness-type double patenting rejections from the United States Patent Office. *Id.* at 18. Terminal disclaimers disclaim any terminal part of a patent and the filing thereof generally bars an obviousness-type double patenting defense. *See In re*

4

*Longi*, 759 F.2d 887, 894 (Fed. Cir. 1985). Adobe makes no argument and presents no evidence that the terminal disclaimers were improper and should not be given effect.

To the extent Adobe's response also asserts that Dr. Clark mapped the prior art for obviousness, including obviousness-type double patenting, the Court hereby clarifies its June 8, 2018 Order at Docket Entry 1152 to preclude Dr. Clark from supplementing his claim charts and analysis as they would relate to obviousness-type double patenting. Discovery in this matter is closed but for the Court's June 8, 2018 Order, and Adobe cannot attempt to manufacture evidence for this affirmative defense at this late stage.

As to Adobe's final contention in support of this defense, focusing on the claim scope, the Court finds the arguments irrelevant to demonstrating a factual or legal foundation for this affirmative defense.

For these reasons and for good cause shown, TecSec is awarded summary judgment on Adobe's affirmative defense of obviousness-type double patenting.

*Affirmative Defense – Laches*

TecSec contends that Adobe's affirmative defense of laches is not applicable in this case because the enactment of 35 U.S.C. § 286's statute of limitations eliminated the defense. Dkt. 1008, p. 27. There is no factual debate that TecSec's claim for damages falls within § 286's six-year limitations period. TecSec also contends that Adobe has failed to produce any evidence that would support this defense. *Id.*

In response, Adobe asserts that it has suffered both evidentiary and economic prejudice from TecSec's delay and that Adobe has ample evidence supporting its interrogatory response on laches.[1] Dkt. 1072, p. 7. Adobe contends that TecSec has failed to explain how that fact would

---
[1] Adobe generally disputes material facts asserted by TecSec pertaining to Adobe's affirmative defenses by stating that ample evidence exists to create a material issue of disputed fact, yet Adobe fails to specify what the facts are,

5

preclude the use of laches as an affirmative defense. *Id.* at 19. Instead of meeting TecSec's argument, however, Adobe attempts in its opposition brief to add substance to its interrogatory response, reciting various facts that pertain to the period of elapsed time without offering evidence or argument that Adobe has been actually prejudiced by the elapsed time. *See id.* at 20-21.

Next, Adobe argues that laches may not apply to damages under Supreme Court precedent but it remains relevant to the Court's exercise of its equitable powers and is still a viable defense. *Id.* at 21. The Court simply cannot square Adobe's contentions with *SCA Hygiene Prods. Aktibolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 967 (2017), in which the Supreme Court explicitly held that laches is not a defense against damages where the infringement occurred during § 286's statutory timespan. Adobe points to willfulness, attorney's fees, interest and costs, and lost profits as supposedly equitable issues to which, it contends, laches could still apply after *SCA Hygiene*. *Id.* at 22-23. Even assuming that all the issues Adobe identifies are indeed equitable issues for the Court to decide, Adobe fails to demonstrate that any delay by TecSec in bringing forth this lawsuit is relevant to resolving those issues.

For these reasons and for good cause shown, TecSec is awarded summary judgment on Adobe's affirmative defense of laches.

*Affirmative Defense – 28 U.S.C. § 1498*

---

instead relying on citations to exhibits. This is insufficient under Local Rule 56, which requires "[a] brief in response to [a motion for summary judgment to] include ... all material facts as to which it is contended that there exists a genuine issue necessary to be litigated." A bare assertion that facts exist, even accompanied by citations to the exhibits, is deficient. *See Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 830 (E.D. Va. 2017) (distinctly identifying a party's bare denial and failure to cite to the record as Local Rule 56(b) violations). Adobe is reminded that inadequately refuting an opponent's statement of material facts at the summary judgment stage may result in those facts being deemed admitted. Because of the nature of this violation, given that Adobe did cite to exhibits, the Court elects to provide this warning for future reference in lieu of a more serious sanction.

28 U.S.C. § 1498 codifies the government sales defense and presents an affirmative defense to infringement liability where 1) the infringing device was manufactured for the government; and 2) the government authorized or consented to the manufacture of the device. *See Sevenson Envt'l Inc. v. Shaw Envt'l, Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007). In the instant motion, TecSec contends that Adobe has failed to produce any evidence to support either element of the defense and is accordingly entitled to summary judgment on the affirmative defense at this stage. Dkt. 1008, p. 28.

In response, Adobe contends that it has produced extensive records of sales of its Acrobat product to the government and argues that the federal government has adopted standards that require the infringing capability. Dkt. 1072, p. 26. Adobe then falls back on an argument, apparently advanced for the first time, that it believes the government may have impliedly, rather than expressly, consented to the development and inclusion of the allegedly infringing capability. *Id.* at 28-29.

Adobe's contentions on these points at times border on the frivolous and appear designed to simply muddy the waters. Adobe cites extensively to the statute and case law addressing the government sales defense, yet noticeably makes no argument for how that case law would alter the essential analysis here: that Adobe needed to produce evidence during discovery that would show that Acrobat, particularly its allegedly infringing security feature, was manufactured for the government and that the government authorized or consented to the manufacturing of the device. *See id.* at 24-25. For instance, Adobe contends that the *Sevenson* case cited by TecSec for the elements of the defense actually supports Adobe's position, because the case establishes that the "for the government" prong of the defense "impose[s] only a requirement that the use or manufacture of a patented method or apparatus occur pursuant to a contract with the government

and for the benefit of the government." *Id.* at 25 (quoting *Sevenson*, 477 F.3d at 1365). Adobe does not follow this point up with sufficient evidence that Adobe can meet that standard.

The only evidence that Adobe offers to support this defense is that the federal government uses Acrobat and that the federal government uses and endorses ISO 32000-1:2008 pertaining to the portable document format (PDF) used by Acrobat and NIST standards. *See id.* at 27-29. The Court is well aware that the federal government uses Acrobat and relies on the PDF. What Adobe needs to show to survive summary judgment on this affirmative defense is that there is some foundation for concluding that the allegedly infringing capability of Acrobat was developed in response to a contract with the federal government and for its use. To attempt to meet this burden, Adobe cites to two documents, Exhibits 62 and 63.[2] *Id.* at 28. Broadly, these exhibits can be said, as Adobe contends, to evidence the government's request for the Acrobat product. Nothing in them suggests that they provide a sufficient foundation for Adobe to meet its burden at this stage to prove that Acrobat's allegedly infringing feature was manufactured for the government and that the government authorized or consented to the manufacture of the allegedly infringing feature. Adobe's position on this point is essentially that if an allegedly infringing product conforms to broad standards adopted by the government and is purchased by the government, the government sales defense may be met. While true that "[t]he coverage of § 1498 should be broad so as not to limit the Government's freedom in procurement," *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986), Adobe's proposed interpretation would be so broad as to permit the defense in nearly any circumstance where an allegedly infringing product

---

[2] TecSec has proffered in its reply brief that Adobe provided Exhibit 62 in an untimely supplement to its interrogatory responses. Its use here at the summary judgment stage, unaccompanied by any explanation from Adobe, is impermissible. Adobe is cautioned that any evidence not properly produced during discovery or explicitly pursuant to a court order will be excluded from trial absent leave of the Court.

is sold to the Government. Adobe cites to no law to support this proposition and the Court rejects it.

While Adobe falls back on an argument that the government impliedly consented to Adobe developing and including the allegedly infringing capability, it puts forth no evidence to support even that contention. *See* Dkt. 1072, p. 28-29. As TecSec notes, implied consent may be shown where 1) the government expressly contracted for work to meet certain specifications; 2) the specifications cannot be met without [infringement]; and 3) the government had some knowledge of the infringement." Dkt. 1118, p. 18 (quoting *Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 609 (M.D.N.C. 2006). At this point, Adobe can only be said to have put forth evidence to support the first element of an implied government sales defense.

Therefore Adobe cannot meet its burden to demonstrate that the allegedly infringing capability was developed in 28 U.S.C. § 1498's safe harbor. For these reasons and for good cause shown, TecSec is entitled to summary judgment on Adobe's affirmative defense under 28 U.S.C. § 1498.

*Affirmative Defense – Standards-Setting Misconduct*

The defense of standards-setting misconduct is applicable where a plaintiff participates in a standards-setting organization, fails to disclose certain intellectual property required by that participation, and thereafter asserts infringement of that intellectual property against others. *Cf. Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1014 (Fed. Cir. 2008). TecSec contends that Adobe has not identified any standards-setting organization in which TecSec participated or that it even should have joined. Dkt. 1008, p. 29. Adobe begins its response by improperly shifting the burden to TecSec and by, without explanation, claiming that standards-setting issues are a species of unclean hands. *See* Dkt. 1072, p. 29-30 (citing *Gilead Sciences, Inc. v. Merck & Co.*,

*Inc.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018)). *Gilead* did not involve standard-setting misconduct and simply stands for the proposition that a plaintiff's pre-litigation business misconduct and litigation misconduct can preclude that plaintiff from enforcing its patents where the misconduct pertains to the relief plaintiff seeks. *Gilead*, 888 F.3d at 1239.

Instead of opposing TecSec's motion for summary judgment on this affirmative defense, Adobe, apparently focusing on unclean hands, irrelevantly describes how it believes TecSec has broadly behaved improperly by *not* joining a standards-setting organization, plainly conceding that it cannot proceed with this affirmative defense as a matter of law. *See* Dkt. 1072, p. 29-30.

For these reasons and for good cause shown, TecSec is awarded summary judgment on Adobe's affirmative defense of standards-setting misconduct.

## V. CONCLUSION

For the reasons discussed above and for good cause shown, the motion is **GRANTED IN PART AND DENIED IN PART**. The Court **DENIES** summary judgment on Claim 14 of U.S. Patent No. 5,898,781, and **GRANTS** summary judgment on Adobe's affirmative defenses of obviousness-type double patenting, laches, government sales defense under 28 U.S.C. § 1498, and standards-setting misconduct.

It is **SO ORDERED**.

June 19, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge