IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TECSEC, INCORPORATED, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Civil Action No. 1:10-cv-115 |
| v. | ) Hon. Liam O'Grady |
| | ) |
| ADOBE INC., *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Adobe Inc.'s Omnibus Motion for Judgment as a Matter of Law (Dkt. 1336). The Court heard oral argument and denied the motion during trial for the reasons stated from the bench and for good cause shown, and issued an Order to that effect. This Memorandum Opinion follows to more fully explain the Court's reasoning for denying the Motion from the bench.

### 1. Induced Infringement of the Asserted Method Claims.

The jury heard evidence at trial that Mr. Landwehr authored a blog post for Adobe explaining how to use Adobe Acrobat for multilevel encryption. That blog post was uploaded to Adobe's website in 2009 and remained accessible during the relevant damages period. There was also sufficient evidence presented at trial for a reasonable jury to infer that at least one of Adobe's customers, Mr. Johnson, viewed the blog and used Adobe Acrobat to perform the asserted method claims during the damages period. As a result, there was enough circumstantial evidence that Adobe induced infringement of the asserted method claims for that issue to reach the jury.

## 2. Induced Infringement of the Asserted System Claims.

The evidence at trial demonstrated that Adobe induced customers to install an Adobe product, Adobe Acrobat, that had multi-level encryption functionality. There was thus sufficient evidence presented at trial for the jury to decide whether Adobe induced infringement of the asserted system claims.

## 3. Direct Infringement of Any Asserted Claim.

The jury heard evidence that Adobe's employees utilized software capable of engaging in multi-level encryption and that at least two of Adobe's employees utilized the software to multi-level encrypt outside the damages period. There was therefore enough circumstantial evidence of direct infringement by Adobe during the damages period for the jury to evaluate whether Adobe directly infringed any of the asserted claims.

## 4. Damages.

TecSec's expert, Mr. Wagner, provided the jury with his calculation of a reasonable royalty rate for Adobe's sale of Adobe Acrobat to customers. The jury should be permitted to determine whether Mr. Wagner's testimony was compelling despite the alleged deficiencies raised by Adobe during cross examination. Similarly, while there was no direct testimony on direct infringement damages, the jury should be given the opportunity to determine whether Mr. Wagner's testimony could also serve as a basis to find direct infringement damages.

## 5. Patent Ownership.

The Court rejected Adobe's Motion to Dismiss for lack of patent ownership mere weeks before trial for the reasons stated in a subsequent Memorandum Opinion. Adobe did not present any new information at trial regarding TecSec's alleged lack of ownership of the patents. TecSec, on the other hand, elicited new testimony from Mr. Wack explaining that Mr. Petty's

2017 deposition testimony was impacted by Mr. Petty's memory deterioration. As a result, TecSec was entitled to have a jury decide whether it owned the patents-in-suit.

March 14 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge