IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TECSEC, INCORPORATED, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Civil Action No. 1:10-cv-115 |
| v. | ) Hon. Liam O'Grady |
| | ) |
| ADOBE INC., *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Adobe Inc.'s Motion for Judgment as a Matter of Law That TecSec, Inc. Has Not Complied with 35 U.S.C. § 287(a) (Dkt. 1338). An opposition brief was filed and the Court heard oral argument. The Court granted the Motion during trial for the reasons stated from the bench and for good cause shown, and issued an Order to that effect. This Memorandum Opinion follows to more fully explain the Court's reasoning for granting the Motion from the bench.

### A. The Marking Motion for Judgment As a Matter of Law Was Not Moot.

TecSec argues that the issue of marking is moot because of TecSec and Adobe's joint stipulation that "in light of the Court's ruling to exclude certain evidence relating to whether Adobe possessed pre-suit knowledge of acts constituting infringement (over TecSec's objection), TecSec will not seek damages in this trial for the time period pre-dating the filing of the present lawsuit." Dkt. 1330. The Court disagrees.

The evidence the Court excluded was not related to whether TecSec complied with the marking obligations of 35 U.S.C. § 287(a). Instead, it was related to the separate issue of whether

TecSec put Adobe on notice of the patents-in-suit prior to the lawsuit through some means other than marking.

Further, the issue of marking was fully litigated in the trial prior to the filing of the joint stipulation. Each party brought forth all the testimony on the issue of marking that could be brought forth. Because the marking issue was fully litigated, it would be prejudicial to Adobe, and the other defendants in this case,[1] not to make an affirmative ruling regarding marking. *See Mannatech, Inc. v. Wellness Quest, LLC*, 2015 WL 11120881, at *3 (N.D. Tex. Nov. 5, 2015) (finding that the plaintiff was "entitled to an affirmative ruling" regarding the defendant's fully litigated, but withdrawn, defenses). Therefore, the issue of marking was not mooted by the parties' joint stipulation regarding pre-suit damages.

### B. TecSec Held the Burden of Proving Marking in Compliance with § 287(a).

The Federal Circuit established the parties' relative burdens regarding marking in *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017). Contrary to Plaintiff's argument, the standards set forth in *Arctic Cat* are general, and apply both at the summary judgment stage and during trial.

Under *Arctic Cat*, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Id.* at 1368. This burden of production "is a low bar." *Id.* The alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* Adobe satisfied its burden by identifying the following sold products it believed practiced patents-in-suit: TecSec's VEIL, TecSec's CKM, seven Microsoft products (including Windows

---

[1] The issue of marking would still arise in the later trial against the other defendants in this case despite the joint stipulation because the joint stipulation stated that it "shall not be used by other parties (outside of TecSec or Adobe) for any purpose." Dkt. 1330.

2

Vista), Sterling's Connect:Direct, and Boeing's Digital Cinema. TecSec does not appear to dispute that Adobe met its burden of production. *See* Dkt. 1335.

Because Adobe met its burden of production, the burden then shifted back to TecSec to prove that the identified products were either marked or did not practice the asserted patents. *See Arctic Cat*, 876 F.3d at 1367 ("The burden of proving compliance with marking is and at all times remains on the patentee.").

### C. TecSec Failed to Meet Its Burden As a Matter of Law.

TecSec failed to offer any evidence that the identified products did not practice the asserted products.[2] TecSec also failed to provide evidence demonstrating its compliance with the marking requirements of § 287(a).

To demonstrate full compliance with the marking statute, a patentee must show that it consistently and continuously marked substantially all of the sold products practicing the claimed inventions. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Where a practicing product was sold by a third-party licensee, the licensee's failure to mark may be excused only if the patentee "made reasonable efforts to ensure" that the licensees complied with the marking requirements. *Arctic Cat*, 876 F.3d at 1366.

TecSec did not produce any evidence that the Microsoft practicing products, Sterling Connect:Direct, or Boeing Digital Cinema were marked with the TecSec patents-in-suit. Mr. Wack's testimony at trial also failed to demonstrate that TecSec took reasonable efforts to ensure these licensed, sold products were marked. None of the licensing agreements contained a provision requiring marking and while Mr. Wack claims to have stressed the importance of marking to the licensees, he admitted that he doesn't "particularly police people" to see if their

---

[2] TecSec was precluded from making any such argument regarding the Microsoft products because TecSec had previously sued Microsoft alleging that the Microsoft products at issue practiced the TecSec patents-in-suit and subsequently entered into a licensing agreement with Microsoft for those products.

3

products were marked and did not take any steps to determine whether the licensees actually marked their products. Under these facts, no reasonable jury could find that TecSec "made reasonable efforts to ensure" the licensees marked their products. *See K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*, 52 F. App'x 135, 141 (Fed. Cir. Nov. 25, 2002) (holding the defendant was entitled to judgment as a matter of law on the issue of marking because "[a]lthough there was a provision in the contract between [the plaintiff] and [its licensee] requiring marking, [the plaintiff] took no steps to determine if [the licensee] was actually marking the products until after the start of the current litigation"); *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (finding that the only reasonable conclusion from the evidence adduced at trial was that the plaintiff failed to comply with § 287 because the plaintiff's "licenses did not require its licensees to mark the [practicing] product and there was no evidence that any product ever bore a patent marking").

TecSec also failed to show that it marked substantially all of its own sold practicing products. TecSec's VEIL products were only marked "patent pending," which does not satisfy § 287(a)'s burden to mark. *E.g., MacPike v. Am. Honda Motor Co.*, 1993 WL 632261, at *5 (N.D. Fla. Oct. 1, 1993). While some of TecSec's sold CKM products were marked, TecSec presented no evidence regarding how many CKM products were sold or what percentage of those sold products were marked. Further, while TecSec produced seven marked CKM manuals, only one of those manuals is relevant to the marking analysis because it is the only manual whose product was ultimately sold.

In sum, there was no evidence at trial demonstrating that substantially all of the sold products practicing the claimed inventions were marked, nor that TecSec took reasonable efforts to ensure that licensees marked their practicing products. Accordingly, Adobe was entitled to

4

judgment as a matter of law that TecSec failed to comply with the marking requirements of § 287(a).

March 14 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge