# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| TECSEC, INCORPORATED, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) Civil Action No. 1:10-cv-115 |
| v. | ) Hon. Liam O'Grady<br>) |
| ADOBE INC., *et al.*, | )<br>)<br>) |
| *Defendants.* | )<br>) |

## **MEMORANDUM OPINION**

This matter comes before the Court on Defendant Adobe Inc.'s Motion for Judgment as a Matter of Law of No Willful Infringement (Dkt. 1340). An opposition brief was filed and the Court heard oral argument. The Court granted the Motion during trial for the reasons stated from the bench and for good cause shown, and issued an Order to that effect. This Memorandum Opinion follows to more fully explain the Court's reasoning for granting the Motion from the bench.

Courts have the discretion to award up to treble damages in patent cases if the plaintiff can prove willful infringement by a preponderance of the evidence. *See* 35 U.S.C. § 284 (stating that upon a finding of infringement, "the court may increase the damages up to three times"); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1934 (2016) (holding that a preponderance of the evidence standard governs the enhanced damages analysis). TecSec sought enhanced damages in this case based solely on Adobe's post-suit conduct.

Before the Supreme Court's decision in *Halo Electronics*, enhanced damages could not be awarded solely based on post-suit conduct under *In re Seagate Technology, LLC.* 497 F.3d

1360, 1374 (Fed. Cir. 2007). After the Supreme Court abrogated the standard for enhanced damages set forth in *In re Seagate*, however, courts have split on whether the prohibition for enhanced damages based solely on post-suit conduct remains.

Many courts have held that it does. *E.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11 (D. Del. May 29, 2018); *Adidas Am., Inc. v. Skechers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017); *Wis. Alumni Research Found. v. Apple, Inc.*, 261 F. Supp. 3d 900, 917–18 (W.D. Wis. 2017); *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016). These courts have reasoned that *Halo* rejected only the standard for enhanced damages the Federal Circuit created in *In re Seagate*, and did not disturb the Federal Circuit's holding that the willfulness analysis should focus on pre-suit conduct. *See, e.g.*, *Wis. Alumni Research Found.*, 261 F. Supp. at 917 n.6 (finding that *Halo* "did not upset the Federal Circuit's holding in *Seagate* that the focus of [a willful infringement] claim should be on prelitigation conduct"); *Dorman Prods.*, 201 F. Supp. 3d at 681 (citing *In re Seagate* as being overruled "on other grounds" by *Halo*); *Radware*, 2016 WL 4427490, at *6 ("*Halo* did not disturb" *In re Seagate*'s prohibition of enhanced damages based solely on the infringer's post-filing conduct, "as post-filing conduct was not at issue in *Halo*."). Some courts have also noted that following *Halo*, the Federal Circuit has continued to look at pre-suit conduct in evaluating willful infringement claims. *See, e.g.*, *Välinge Innovation*, 2018 WL 2411218, at *11 (arguing the Federal Circuit's ruling in *Mentor Graphics*[1] indicates that the patentee is still required "to allege that some form of willfully infringing conduct has occurred as of the time it files its claim"); *Adidas Am.*, 2017 WL 2543811, at *4 (citing *In re Seagate* and *Mentor Graphics* for the proposition that willful infringement claims must be based on pre-suit conduct).

---

[1] *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1297 (Fed. Cir. 2017).

2

Other courts, however, have held that *Halo* did end the prohibition on seeking enhanced damages based solely on post-suit conduct. *E.g., Finjan, Inc. v. Eset, LLC*, 2017 WL 1063475, at *4 (S.D. Cal. March 21, 2017); *Raytheon Co. v. Cray, Inc.*, 2017 WL 1362700, at *5 (E.D. Tex. March 13, 2017); *Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. Aug. 11, 2016); *Simplivity Corp. v. Springpath, Inc.*, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016). These courts have reasoned that *Halo* created a more flexible approach to enhanced damages that would enable district courts "to punish the full range of culpable behavior," and it would be inconsistent with the policy rationale behind *Halo* and its approach to determining culpability to continue blocking willfulness claims based solely on post-suit conduct. For example, the court in *Huawei Technologies* explained:

> ... *Halo* eliminated *Seagate*, and there is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness. In fact, *Halo* recognizes that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." Culpability can arise pre- or post-suit—the scienter requirement is the same in either instance. The contrary conclusion would permit the very type of culpable behavior admonished by the Supreme Court in *Halo* simply because of timing. Such a conclusion is inconsistent with the flexibility provided by *Halo* and the elimination of the *Seagate* test.

2017 WL 1129951, at *4 (internal citation omitted).

Ultimately, the Court need not decide whether post-suit conduct alone is sufficient for enhanced damages because, even if it were, enhanced damages would not be appropriate in this case. Enhanced damages "are generally reserved for egregious cases of culpable behavior." *Halo*, 136 S.Ct. at 1932. As the Supreme Court explained in *Halo*:

> Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a "punitive" or "vindictive" sanction for egregious infringement behavior. The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.

*Id.* Adobe's post-suit conduct in this case does not come close to rising to the level of culpability necessary for an award of enhanced damages.

Adobe's continued sale of the infringing product without removing its infringing capability is merely typical infringement behavior that is not a proper basis for enhanced damages. *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 612 (D. Del. 2017) (finding that "[n]o reasonable jury could find willful infringement based on" evidence that the defendant "has continued to update, produce, and sell" the infringing product after the suit was filed). Adobe's admission of infringement after vigorous denials and its corporate witnesses' failure to review the TecSec patents also do not justify enhanced damages. Throughout the case, Adobe also maintained nonfrivolous invalidity defenses and Adobe's lawyers have reviewed the TecSec patents for Adobe's corporate representatives.

The only other allegedly "egregious conduct" cited by TecSec is that a 2009 blog post by Mr. Landwehr – which explained how to utilize the infringing functionality of Adobe Acrobat – was never taken down and Mr. Landwehr was not informed of the lawsuit for more than four years. The blog post was only one of ten-thousand blog posts and it never received any comments. Failure to remove a single blog post among thousands that attracted little attention, and failure to inform the blog post's author of the lawsuit, is not "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S.Ct. at 1932.

Thus, even if post-suit conduct alone were sufficient for a finding of willful infringement, and even if the jury would have agreed with TecSec that Adobe willfully infringed, an award of enhanced damages would not have been appropriate under the facts in this case. For these

4

reasons, and for good cause shown, Adobe was entitled to judgment as a matter of law on the issue of willful infringement.

March 14 2019
Alexandria, Virginia

/s/ Liam O'Grady
United States District Judge