UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TECSEC, INC., | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:10-cv-115-LO/TCB |
| ADOBE INC., et al., | ) |
|         Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF TECSEC, INCORPORATED'S
MOTION FOR PREJUDGMENT AND POST-JUDGMENT INTEREST**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.    ARGUMENT .................................................................................................................1

    A.    The Court Can Set the Prejudgment Interest Rate Now ............................1

    B.    The Patent Act Provides For Prejudgment Interest to the Patent Owner When Infringement Is Found ......................................................................3

        1.    Prejudgment Interest is not Punitive and Serves the Purpose of Making TecSec Whole After Adobe's Infringement ....................3

        2.    Adobe Failed to Show Undue Delay or Prejudice ........................4

        3.    Because TecSec Did Not Seek Presuit Damages, There Can Be No Prejudice to Adobe Based on any Delay .......................................7

    C.    Prejudgment Interest Should Not Be Tolled ...............................................8

        1.    Prejudgment Interest Should Not Be Tolled During the Stay ......8

        2.    Prejudgment Interest Should Not Be Tolled During TecSec's Successful Appeals ....................................................................10

    D.    TecSec Should be Awarded Prejudgment Interest at the Prime Rate ....11

    E.    TecSec Should be Awarded Post-Judgment Interest as Set Forth in 28 U.S.C. § 1961(a) ........................................................................................12

III.    CONCLUSION ............................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   No. 2:10cv248, 2011 WL 4899922 (E.D. Va. Oct. 14, 2011) ...................................................5

*Allen Archery, Inc. v. Browning Mfg. Co.*,
   898 F.2d 787 (Fed. Cir. 1990)..........................................................................................8, 9, 10

*Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*,
   610 F. Supp. 2d 998 (D. Minn 2009) ........................................................................................9

*Baum Research & Development Co. v. Univ. of Mass.*,
   No. 1:02-cv-674, 2009 WL 2095982 (W.D. Mich. July 14, 2009) ...........................................6

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
   807 F.2d 964 (Fed. Cir. 1986), *abrogated on other grounds by Markman v.
   Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) ........................................................4

*Church & Dwight Co. v. Abbott Labs.*,
   Civ. No. 05-2142 (GEB)(LHG), 2009 WL 2230941 (D.N.J. July 23, 2009) ............................6

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001)..................................................................................4, 5, 6, 7, 8

*Domestic Fabrics Corp. v. Sears, Roebuck & Co.*,
   326 F. Supp. 2d 694 (E.D.N.C. 2004), *dismissed*, 122 F. App'x 518 (Fed. Cir.
   2005) .........................................................................................................................................4

*EcoServices, LLC v. Certified Aviation Servs., Inc.*,
   340 F. Supp. 3d 1004 (C.D. Cal. 2018) ....................................................................................6

*Gaus v. Conair Corp.*,
   No. 94 Civ. 5693(FM), 2003 WL 223859 (S.D.N.Y Feb. 3, 2003), *rev'd on
   other grounds*, 363 F.3d 1284 (Fed. Cir. 2004) ........................................................................7

*General Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983)..............................................................................................3, 4, 5, 9, 10, 11

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   No. CV-00-20905 RMW, 2006 WL 2522506 (N.D. Cal. Aug. 30, 2006) ................................9

*I/P Engine, Inc. v. AOL Inc.*,
   2:11cv512, 2013 WL 3991472 (E.D. Va. Jan. 29, 2016) .........................................................9

*Itron, Inc. v. Benghiat*,
   No. Civ. 99-501, 2003 WL 22037710 (D. Minn. Aug. 29, 2003) ............................................6

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*,
   494 U.S. 827 (1990) ................................................................................................ 12

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
   198 F. Supp. 3d 1089 (C.D. Cal. 2016) ...................................................................... 7

*Krippelz v. Ford Motor Co.*,
   670 F. Supp. 2d 815 (N.D. Ill. 2009) .......................................................................... 9

*Liberty Mutual Fire Insurance Co. v. J.T. Walker Industries, Inc.*,
   No. CIV.A. 2:08-2043-MBS, 2012 WL 4584179 (D.S.C. Sept. 28, 2012),
   *aff'd sub nom.*, *Liberty Mutual Fire Insurance Co. v. JT Walker Industries,
   Inc.*, 554 F. App'x 176 (4th Cir. 2014) .................................................................. 1, 2

*Lummus Industries, Inc. v. D.M. E. Corp.*,
   862 F.2d 267 (Fed. Cir. 1988) ........................................................................ 3, 5, 6, 10

*Mars, Inc. v. Coin Acceptors, Inc.*,
   513 F. Supp. 2d 128 (D.N.J. 2007) ......................................................................... 8, 11

*Medtronic Vascular, Inc. v. Boston Sci. Corp.*,
   No. 2-06-CV-78 (TJW), 2009 WL 175696 (E.D. Tex. Jan. 23, 2009) .................... 5, 6

*Mendenhall v. Wal- Mart Stores*,
   No. 07-cv-21, 2007 WL 4531985 (D. Utah Dec. 18, 2007) ....................................... 2

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
   288 F. Supp. 3d 872 (W.D. Wisc. 2017) .................................................................... 5

*Osterneck v. Ernst & Whinney*,
   489 U.S. 169 (1989) .................................................................................................... 1

*PCT Int'l Inc. v. Holland Elecs. LLC*,
   No. CV-12-01797-PHX-JAT, 2015 WL 5210628 (D. Ariz. Sept. 8, 2015) ............... 5

*Radio Steel & Manufacturing Co. v. MTD Prods., Inc.*,
   788 F.2d 1554 (Fed. Cir. 1986) ............................................................................. 5, 10

*Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*,
   707 F. Supp. 2d 737 (N.D. Ohio 2010) ...................................................................... 7

*Sensonics, Inc. v. Aerosonic Corp.*,
   81 F.3d 1566 (Fed. Cir. 1996) .................................................................................... 3

*Umbach v. Carrington Inv. Partners (US) LP*,
   No. 08-cv-484, 2015 WL 4459530 (D. Conn. July 31, 2005), *vacated on other
   grounds*, 851 F.3d 147 (2d Cir. 2017) ....................................................................... 2

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
   939 F.2d 1540 (Fed. Cir. 1991)..................................................................................8

**Statutes**

28 U.S.C. § 1961(a) ......................................................................................................12

35 U.S.C. § 284..................................................................................................1, 3, 4, 10

**Other Authorities**

Fed. R. Civ. P. 58(b)(2)(A).............................................................................................12

**I.    INTRODUCTION**

After a jury finding that Adobe infringed all four asserted patents, TecSec is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court."  35 U.S.C. § 284.  An award of prejudgment and post-judgment interest is the rule, rather than the exception.  In its Opposition, Adobe argues that the motion is premature, that TecSec is not entitled to prejudgment interest at all, and that, if awarded, the interest should be tolled during certain timeframes when the case was stayed or on appeal, but those arguments are contrary to law and policy.  For the reasons set forth in TecSec's motion and below, TecSec should be awarded prejudgment and post-judgment interest as required by statute.

**II.   ARGUMENT**

   **A.    The Court Can Set the Prejudgment Interest Rate Now**

The Supreme Court has stated that a "district court should be able to dispose of a motion for prejudgment interest within a reasonable time after the entry of verdict."  *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177-78 (1989).  While this Court has not yet entered a final judgment, the verdict in this case was entered more than four months ago.  TecSec filed its motion in the interest of efficiency to allow the motion to be considered by the Court along with Adobe's post-trial motions, and Adobe has not identified any reason why the Court should not consider the appropriate rate for interest on the damages award at the same time.

While Adobe asserts that "[c]ourts routinely deny motions for both prejudgment and post-judgment interest when there are pending post-trial motions that may impact the verdict," the cases to which Adobe cites do not support Adobe's request for an outright denial of TecSec's motion.  Adobe Opp. at 4.  For example, in *Liberty Mutual Fire Insurance Co. v. J.T. Walker Industries, Inc.*, No. CIV.A. 2:08-2043-MBS, 2012 WL 4584179, at *2 (D.S.C. Sept. 28, 2012),

*aff'd sub nom.*, *Liberty Mutual Fire Insurance Co. v. JT Walker Industries, Inc.*, 554 F. App'x 176 (4th Cir. 2014), the court did not deny the plaintiff's motion for pre-judgment interest, but merely *deferred* ruling on the motion prior to ruling on post-trial motions.[1] *Id.* The citation to *Umbach* is similarly unavailing because the court there denied an award of post-judgment interest immediately following entry of judgment as premature, but granted plaintiff's motion for prejudgment interest. *Umbach v. Carrington Inv. Partners (US) LP*, No. 08-cv-484, 2015 WL 4459530, at *2 (D. Conn. July 31, 2005), *vacated on other grounds*, 851 F.3d 147 (2d Cir. 2017).[2]

Here, Adobe does not dispute that TecSec is the prevailing party based on the jury's verdict, and if that verdict is not disturbed then prejudgment interest should be awarded. For that reason, Adobe's assertion that TecSec's motion is a request for an advisory opinion is also unavailing. While the Court can address Adobe's post-trial motions first, Adobe's renewed JMOLs add nothing new that would provide a basis for disturbing the jury's verdict, and given that there are claims against several additional defendants to address, TecSec's motion can be addressed without delay. TecSec provided its preliminary prejudgment interest calculation through May 2, 2019, the date of the hearing on post-trial motions, but the issue is one of simple arithmetic, and interest can be calculated without the need for additional briefing based on the date of the entry of judgment.

---

[1] *Liberty Mutual* is inapplicable for the additional reason that *the court was applying South Carolina law*, and, unlike here, prejudgment interest was not "appropriate" under the particular law at issue. *Liberty Mut.* 2012 WL 4584179, at *2-3.

[2] In *Mendenhall*, plaintiff's request for prejudgment interest at the *summary judgment phase* of the case was denied because the case had not proceeded through trial and plaintiff was not the prevailing party at that time. *Mendenhall v. Wal-Mart Stores*, No. 07-cv-21, 2007 WL 4531985, at *3-4 (D. Utah Dec. 18, 2007). This reasoning does not apply after a trial and a jury finding of infringement.

### B. The Patent Act Provides For Prejudgment Interest to the Patent Owner When Infringement Is Found

TecSec is entitled to prejudgment interest from the date of Adobe's proven infringement, and denying TecSec that interest fails to make TecSec whole, contrary to the purpose of 35 U.S.C. § 284. The Court has already held that any delay from the filing of the complaint until the verdict was not the fault of the parties (and certainly could not be considered TecSec's fault), and TecSec should not be penalized for delays in final resolution, most of which were brought on at Adobe's request or based on motions filed by Adobe that were ultimately denied.

#### 1. Prejudgment Interest is not Punitive and Serves the Purpose of Making TecSec Whole After Adobe's Infringement

Congress' intent in enacting 35 U.S.C. § 284 was to provide patent owners complete compensation for infringement of their patents. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983). As a result, prejudgment interest for patent infringement "should ordinary be awarded," and is the rule, rather than the exception. *Id.* ("In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."); *see also Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) ("The Supreme Court explained that the denial of prejudgment interest simply creates an incentive to prolong litigation, and that prejudgment interest in patent cases is withheld only under exceptional circumstances."); *Lummus Industries, Inc. v. D.M. E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) ("It is clear from *General Motors* that the withholding of prejudgment interest based on delay is the exception, not the rule, and that the discretion of the district court is not unlimited.").

An award of prejudgment interest is not punitive in nature, but "merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the

3

judgment." *General Motors*, 461 U.S. at 655-56; *see also Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001) ("An award of prejudgment interest serves to make the patentee whole because the patentee also *lost the use of its money* due to infringement.") (emphasis added).

The jury found Adobe to be directly infringing from the filing of the Complaint in 2010 through early 2011, the only damages period presented to the jury. *See Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) ("The normal procedure under [*General Motors*] is to award prejudgment interest from the date of infringement to the date of payment."), *abrogated on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). In order to make TecSec whole pursuant to 35 U.S.C. § 284, prejudgment interest must accumulate from the start of Adobe's infringement and run through judgment.

### 2.     Adobe Failed to Show Undue Delay or Prejudice

Adobe argues that a limit on prejudgment interest (or even a denial) may be "appropriate" when the "patent owner has been responsible for undue delay in prosecuting the lawsuit." Adobe Opp. at 6 (citing *General Motors*, 461 U.S. at 656-57). This argument fails for at least two reasons: 1) in granting summary judgment on Adobe's laches defense, the Court already found that any delay in bringing this action did not prejudice Adobe; and 2) such limitations are only potentially appropriate where a patentee seeks prejudgment interest on damages arising prior to the filing of the complaint, which is not the case here. *See Domestic Fabrics Corp. v. Sears, Roebuck & Co.*, 326 F. Supp. 2d 694, 703 (E.D.N.C. 2004) ("Defendant argues that the long period between plaintiff's first letter giving notice of infringement and the filing of the suit constitutes unreasonable delay, and therefore no prejudgment interest should be awarded. However, this is not an issue since plaintiff only requests prejudgment interest from the date of filing suit."), *dismissed*, 122 F. App'x 518 (Fed. Cir. 2005).

4

Here, there was no unreasonable delay in bringing suit by TecSec. Importantly, TecSec was granted summary judgment by this Court on Adobe's affirmative defense of laches. Dkt. No. 1357 at 5-6. In granting TecSec's motion, this Court found that Adobe presented no evidence at all related to any prejudice caused by any delay in filing suit. *Id.* at 6. "[T]he Federal Circuit has held that any undue delay on the part of the patentee must prejudice the patent infringer in order to support the denial of prejudgment interest to the patentee." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10cv248, 2011 WL 4899922, at *5 (E.D. Va. Oct. 14, 2011) (citing *Lummus*); *Lummus*, 862 F.2d at 275 ("The *Radio Steel* decision, and those referred to by the Supreme Court in *General Motors*, provide support for [the] position that, absent prejudice to the defendants, any delay . . . does not support the denial of prejudgment interest."). While a "district court retains discretion to deny pre-judgment interest based on undue delay in filing suit, . . . [] the Federal Circuit instructs that the infringer must show some prejudice." *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp. 3d 872, 907 (W.D. Wisc. 2017) (citing *Crystal*, 246 F.3d at 1361).

Indeed, "the equities of finding laches and denying prejudgment interest are coextensive." *Lummus*, 862 F.2d at 275; *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *19 (D. Ariz. Sept. 8, 2015) (citing *Lummus* and awarding prejudgment interest despite defendant's claim that suit was not timely brought because the court did not find laches); *ActiveVideo Networks*, 2011 WL 489922, at *5 ("by denying Verizon's laches motion, this Court decided that Verizon was not materially prejudiced by any alleged delay on ActiveVideo's part in bringing this suit."); *Medtronic Vascular, Inc. v. Boston Sci. Corp.*, No. 2-06-CV-78 (TJW), 2009 WL 175696, at *1 (E.D. Tex. Jan. 23, 2009) (finding that failing to file suit for five years did not bar prejudgment interest because it denied

5

defendant's laches argument on basis that it did not "'successfully carr[y] its burden in showing that it has suffered either economic or evidentiary prejudice'"); *Church & Dwight Co. v. Abbott Labs.*, Civ. No. 05-2142 (GEB)(LHG), 2009 WL 2230941, at *7-8 (D.N.J. July 23, 2009) (awarding prejudgment interest, in part, because court earlier found in laches opinion that defendant "failed to put forth sufficient evidence to demonstrate that [patentee] unreasonably delayed in filing suit"); *Itron, Inc. v. Benghiat*, No. Civ. 99-501 (JRT/FLN), 2003 WL 22037710, at *17 (D. Minn. Aug. 29, 2003) (following *Lummus* and finding that holding of no laches refutes argument for denial of prejudgment interest).[3] Having failed to present evidence of prejudice during trial, Adobe cannot attempt to prove laches and prejudice through its post-trial briefing. Because the Court already determined that Adobe failed to prove prejudice and laches, it would be improper for the Court to deny prejudgment interest based on any alleged delay either in filing the suit or in prosecuting the case.[4]

---

[3] Contrary to the assertion in footnote 4 of Adobe's brief, a party seeking to avoid paying prejudgment interest based on delay also must show that the delay was intentional and self-serving, and Adobe has made no such showing here. *See Crystal Semiconductor*, 246 F.3d at 1361-62; *see also EcoServices, LLC v. Certified Aviation Servs., Inc.*, 340 F. Supp. 3d 1004, 1032 (C.D. Cal. 2018) (citing *Crystal Semiconductor* and holding that defendant must show patentee delayed initiating suit due to litigation tactic or that delay otherwise caused prejudiced); *Baum Research & Development Co. v. Univ. of Mass.*, No. 1:02-cv-674, 2009 WL 2095982, at *9 (W.D. Mich. July 14, 2009) ("While a lengthy period passed between the time plaintiffs learned of Defendant's misconduct and the date the present action was initiated, there is no evidence that this delay was an attempt by Plaintiffs to enhance their damages and/or prejudice Defendant. . . . The Court further notes that there is no evidence that Plaintiffs have engaged in litigation tactics designed to delay resolution of this matter."); *Medtronic Vascular*, 2009 WL 175696, at *1 (ruling that defendant's did not "provide comparable evidence" to *Crystal Semiconductor* that patentee's "delay [in filing suit] was . . . a litigation tactic").

[4] The Court also stated that the nine year delay from filing to trial was not due to the actions of either party. Tr. at 214:2-4 ("any delays that occurred since the case were [*sic*] filed is the responsibility of the Court and not the fault of either party.").

### 3. Because TecSec Did Not Seek Presuit Damages, There Can Be No Prejudice to Adobe Based on any Delay

Even if there were evidence of delay and prejudice (and there is not), there is still no basis for denying prejudgment interest based on a delay in bringing suit because TecSec did not seek pre-suit damages, and the jury did not award pre-suit damages. Here, the damages period commenced on the date the Complaint was filed (Feb. 5, 2010). Accordingly, it is not possible for Adobe to argue credibly that the damages for Adobe's proven infringement accumulated or escalated prior to filing this suit. For that reason, all of the cases cited by Adobe (*Crystal Semiconductor*, *Gaus*, *Kaneka*, and *Saint-Gobain*) are inapposite, because they all involve scenarios where the courts found that plaintiff's delay in filing suit allowed the accused infringer's pre-suit damages to escalate as a result of a delay in filing suit. Adobe Br. at 6-7; *see Crystal Semiconductor*, 245 F.3d at 1362 ("Crystal's two year delay in initiating the present suit caused the damages owed by TriTech and OPTi to escalate"); *Gaus v. Conair Corp.*, No. 94 Civ. 5693(FM), 2003 WL 223859, at *20 (S.D.N.Y Feb. 3, 2003) (holding that Gaus's "delay allowed Gaus's damages to escalate while Conair continued to sell the infringing devices" but awarding "interest for the period of time reasonably necessary to institute an infringement suit."), *rev'd on other grounds*, 363 F.3d 1284 (Fed. Cir. 2004); *Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1124 (C.D. Cal. 2016) ("the Court is persuaded that this four-year delay caused the damages owed by Defendants to escalate."); *Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp. 2d 737, 766-67 (N.D. Ohio 2010) (noting "absent prejudice to the defendants, any delay by [the patentee] does not support the denial of prejudgment interest" but denying prejudgment interest because "Saint Gobain still cannot account for a substantial delay in bringing suit.").

### C. Prejudgment Interest Should Not Be Tolled

Next, Adobe argues that prejudgment interest should be tolled for two periods when the case was delayed based on actions of the Court, but the law does not allow prejudgment interest to be denied in such cases. Prejudgment interest can only potentially be denied where patentee's voluntary actions caused defendant prejudice. Here, the stay periods were due to actions taken by defendants or the Court, and not TecSec. Tolling the period for which TecSec is awarded prejudgment interest runs counter to the statutory basis for prejudgment interest in the first place, and would not make TecSec whole for Adobe's infringement.

#### 1. Prejudgment Interest Should Not Be Tolled During the Stay

Here, there can be no doubt that the initial stay was requested by the defendants and granted over TecSec's objection. Indeed, the decision to proceed one defendant at a time and stay the case against the remaining defendants after the case was filed in 2010 was made over TecSec's objections. Dkt. No. 142; Hearing Tr. (June 4, 2010)) at 5:4-22; Dkt. No. 161 (Order Severing Case). As a result, Adobe's reliance on *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540 (Fed. Cir. 1991) is misplaced because there the stay was requested by the patent owner. *Id.* at 1546; *see also Mars*, 513 F. Supp. 2d at 138 (noting that in *Uniroyal*, "the stay represented a delay in the proceedings caused by the plaintiff, akin to the undue delay the *Crystal Semiconductor* Court relied on to justify limiting prejudgment interest, because such 'delay [is] self-serving and resulted in prejudice to the defendants' by 'caus[ing] the damages owed . . . to escalate.'").

Even if TecSec had supported the stay, it would have been to conserve resources and not for an improper purpose. In such cases, the Federal Circuit has found that it is an abuse of discretion for a district court to deny prejudgment interest based on a stay designed to conserve judicial and attorney resources and the delay was not otherwise "undue nor unjustified." *Allen*

8

*Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 792 (Fed. Cir. 1990) ("[A]lthough the district court has 'some discretion in awarding prejudgment interest . . . the district court here abused its discretion in declining to award prejudgment interest for the period during which the present case was stayed pending the decision in" the separate action.) (*General Motors* citation omitted)); *see also id.* at 791 (noting patentee initially opposed the stay). District courts applying *Allen Archery* routinely grant prejudgment interest even in cases where the patent owner did cause some post-filing delay, which is not the case here. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2006 WL 2522506, at *3 (N.D. Cal. Aug. 30, 2006) (awarding prejudgment interest despite stay issued pending an appeal because of "the potential of conserving judicial resources given the overlapping issues of law"); *Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 815, 819 (N.D. Ill. 2009) (finding that although the patentee initiated a reexamination of his patent with the USPTO and moved for a stay during that time—i.e., caused the delay—prejudgment interest should be awarded during the stay because the USPTO reexamination had the potential to conserve judicial and party resources); *Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 610 F. Supp. 2d 998, 1023 (D. Minn 2009) (following *Allen Archery* and granting prejudgment interest during a stay for reexamination of the asserted patents because the reexamination conserved judicial resources).[5]

Adobe, without citation to case law and relying upon testimony and documents that are not part of the trial record, suggests that compensating TecSec with prejudgment interest is not proper given the expiration of the patents, the length of time of the stay against Adobe, TecSec's lack of product sales, and TecSec's poor financial positions. Adobe Opp. Br. at 10-11. This

---

[5] Adobe also cites to *I/P Engine* but that case involves a ruling on laches, an issue already resolved by the Court here, as described above. *I/P Engine, Inc. v. AOL Inc.*, 2:11cv512, 2013 WL 3991472, at *4 (E.D. Va. Jan. 29, 2016). Thus, this case is not applicable to the facts presented here.

argument should again be rejected because none of those facts is relevant in determining whether prejudgment interest should be awarded. "An award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *General Motors*, 461 U.S. at 655. Limiting prejudgment interest cannot be done without a reason that has a relation to the reasons for awarding it. *Lummus,* 862 F.2d at 275 ("the justification for withholding prejudgment interest must have some relation to the reasons for awarding it.") (citing *Radio Steel & Manufacturing Co. v. MTD Prods., Inc.,* 788 F.2d 1554, 1558 (Fed. Cir. 1986)). Here, Adobe has offered no justification that merits tolling prejudgment interest that is related to the reason for awarding it.

TecSec should not be penalized for any delays in the case which were not due to its actions. Indeed, as noted above, this Court has stated that the delays were not due to the actions of either TecSec or Adobe. Tr. at 214:2-4. It would be contrary to policy and the intent of 35 U.S.C. § 284 to allow a defendant to infringe a patent, request and obtain a stay while unsuccessfully trying to avoid paying for its infringement, and then avoid paying interest for that infringement based on the stay the defendant itself requested.

### 2. Prejudgment Interest Should Not Be Tolled During TecSec's Successful Appeals

For similar reasons, the Court should reject Adobe's argument that it should avoid paying interest during the period in which TecSec was forced to appeal erroneous claim construction and summary judgment rulings. As noted above, it is an abuse of discretion for a court to deny prejudgment interest based on a patent owner's delay unless the delay was undue or unjustified. *Allen Archery*, 898 F.2d at 792. Here, there can be no credible argument that TecSec was unjustified in appealing those decisions, because the Federal Circuit reversed the decisions and

remanded the case for further proceedings, with TecSec ultimately prevailing at trial.

The length of a stay or the time to trial is also irrelevant. In fact, in a 17-year long case a district court awarded prejudgment interest because "[d]elay has been found to justify the denial of prejudgment interest in patent cases only 'where *the patent owner* has been responsible for the undue delay in prosecuting the lawsuit.'" *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128, 131 (D.N.J. 2007) (noting that defendant did not claim patentee delayed in filing suit or delayed the resolution once begun) (quoting *General Motors*) (emphasis in original). TecSec did not cause the adverse decisions that needed to be appealed (successfully) so it should not be punished for those delay. *Id.* ("The simple fact that an infringement case took a long time to be resolved does not justify a denial of prejudgment interest."); *see also id.* ("In [*General Motors*] itself, 24 years passed" during the pendency of the suit and the court found that "the infringer 'must now be charged a premium for the additional benefit it [] enjoyed from retaining the use of the royalty money over the many years since its first infringement.'").

The jury awarded damages for Adobe's infringement during the period of Feb. 5, 2010 to March 3, 2011, and TecSec has been deprived of the use of that money for the entire period from the date of Adobe's infringement until the entry of judgment. The Court should award pre-judgment interest for that entire period, consistent with the intent of the Patent Act.

### D. TecSec Should be Awarded Prejudgment Interest at the Prime Rate

Adobe does not contest the rate at which prejudgment interest should be awarded and therefore TecSec should be awarded prejudgment interest at the prime rate, compounded quarterly once the Court enters judgment.

### E. TecSec Should be Awarded Post-Judgment Interest as Set Forth in 28 U.S.C. § 1961(a)

Adobe does not contest TecSec's request for post-judgment interest. Therefore, the Court should also award TecSec post-judgment interest as set forth in 28 U.S.C. § 1961(a). TecSec acknowledges that post-judgment interest does not begin to accrue until the court enters the judgment. *See* Fed. R. Civ. P. 58(b)(2)(A); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("we conclude that postjudgment interest properly runs from the date of the entry of judgment.")

## III. CONCLUSION

For the foregoing reasons, the Court should award prejudgment and post-judgment interest on the damages the jury awarded.

Dated: April 19, 2019

Respectfully submitted,

/s/ Michael A. Oakes
Michael A. Oakes (VSB #47245)
Ozzie A. Farres (*pro hac vice*)
Kevin E. Gaunt (*pro hac vice*)
Steven L. Wood (*pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moakes@huntonak.com
ofarres@huntonak.com
kgaunt@huntonak.com
swood@huntonak.com

*Counsel for Plaintiff TecSec, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2019, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

/s/ Michael A. Oakes
Michael A. Oakes (VSB #47245)
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moakes@huntonak.com

*Counsel for Plaintiff TecSec, Inc.*